*Hartford,*
June, 1843.

Churchill
*v.*
Rosebeck.

CHURCHILL *against* ROSEBECK.

It is no ground for a new trial, that the court before which the cause was tried, omitted to charge the jury upon a supposed or possible state of facts, not proved, or claimed to be proved; it being sufficient, that on the facts proved, or claimed to be proved, the court does not state the law erroneously, or, when requested, omit to state it correctly.

Therefore, where the plaintiff, in an action of trespass, for driving the defendant's carriage against the plaintiff's and oversetting it, thereby wounding the plaintiff, claimed, that the injury occurred entirely through the negligence of the defendant, without any negligence on the plaintiff's part; and also, that if the plaintiff was guilty of negligence, the defendant drove his carriage against the plaintiff's, by design or gross negligence, and thereby caused the injury; and that in either of these events, the plaintiff was entitled to recover; and the defendant did not claim to justify himself, on the ground that the plaintiff was guilty of any negligence, at the time when the collision took place, but by a course of misconduct, pursued by the plaintiff, on the road, *previous* to the collision, and at some distance from the place where it happened; which misconduct of the plaintiff could not possibly concur in directly producing the injury complained of; it was held, that the court might properly omit to charge the jury as to the effect of negligence on the part of the plaintiff.

Where the court, in such case, charged the jury, that if the defendant, either intentionally, or through gross negligence on his part, drove his carriage against the plaintiff's, and thereby overset it, and caused the injury complained of, the plaintiff was entitled to recover; and that, if neither of these facts existed, but the defendant was guilty of a want of ordinary and reasonable care and prudence, and thereby drove his carriage against the plaintiff's, and overset it, and caused the injury complained of, the plaintiff was entitled to recover, unless there was also fault or negligence, on his part, which concurred in producing the injury; but if the plaintiff, on his part, was guilty of any fault or negligence, and such fault or negligence concurred in producing the injury, he was not entitled to recover; after a verdict for the plaintiff, it was held, on a motion for a new trial, by the defendant, that the charge, as applicable to the case, was unexceptionable.

THIS was an action of trespass *vi et armis*, alleging, that the defendant, on the 25th of *August* 1841, drove a certain carriage, called a barouche, on the public highway in *Wethersfield*, with great force and violence, against another barouche, the property of the plaintiff, in which he was then riding in and along said public highway, and thereby broke to pieces said barouche of the plaintiff; by means of which the plaintiff was thrown upon the ground, and was much bruised and wounded, suffered great pain, &c.

The cause was tried at *Hartford, September* term, 1842, before *Storrs, J.*

*Hartford,*
June, 1843.

Churchill
*v.*
Rosebeck.

On the trial, the plaintiff claimed to have proved, that at the time alleged in his declaration, he, with two females, one of them his daughter, was riding along the public highway in the town of *Wethersfield*, in a *Southerly* direction, in a barouche drawn by one horse, which was driven by the plaintiff; that the defendant, riding with one female, upon the same highway, in the same direction, in a wagon drawn by one horse, and driven by the defendant, overtook the plaintiff's barouche near a brick school-house about one quarter of a mile from the place where the injury complained of happened; that when the defendant so overtook the plaintiff, the plaintiff, for the purpose of increasing the speed of his horse, and keeping out of the defendant's way, either struck, or snapped his whip at, his, the plaintiff's horse, in consequence of which it moved forward more rapidly than before; that the defendant applied his whip to his, the defendant's horse, in repeated instances, and thereby greatly increased its speed, and the defendant several times attempted to pass by the plaintiff, but as the defendant's horse approached the plaintiff's moving with much rapidity, the plaintiff's horse became excited, and the plaintiff could not hold it in, and both moved forward at a very rapid rate, the defendant urging on his horse with repeated strokes of the whip, the defendant's horse being sometimes directly behind, and at others by the side of the plaintiff's barouche, the plaintiff's horse being at all times in advance of the defendant's, until the injury complained of happened; that as soon as the plaintiff was able so to do, he turned his horse and barouche aside, so as to give the defendant an opportunity of passing the plaintiff, without doing him or his property any injury, and, at the time when the injury happened, had so far turned out of the highway as to leave the whole, or nearly the whole, of the travelled path to the defendant, and to afford the defendant every opportunity and facility which was necessary or desirable to pass by the plaintiff's barouche and horse, without in any way coming into collision with either; and that the defendant might have so done, if he chose; but that the defendant, without any necessity whatever, at the place where said injury happened, drove his wagon against the plaintiff's, and thereby overset the same, and caused the injury complained of.

The defendant offered evidence to prove, and claimed that

he had proved, that he lived in the city of *Hartford*, and was riding in said wagon driven by him, being a light wagon, late in the afternoon of the day on which the injury complained of happened, to the *South* part of *Wethersfield*, with an intention of returning home the same day; that he passed the plaintiff, who was riding in the same direction, in his barouche, which was a heavy barouche, and heavier than the wagon of the defendant, near the said brick school-house; that he the defendant then passed the plaintiff, whereupon the plaintiff whipped up his horse, put him to great speed, and passed the defendant; that the plaintiff kept his horse and barouche before the defendant, turning to the right and left before him, as he turned to the right and left to pass on, thus keeping the defendant back for a considerable distance, and hindering him in his progress; that the defendant, for the purpose of passing the plaintiff, left the travelled path, and turned across a gutter, by the side thereof, into the side of the highway; that the plaintiff entered into a race with the defendant; that the plaintiff and defendant came together side by side, in a short time, upon a certain stone bridge, when the defendant passed the plaintiff, on his right, both continuing to drive with great speed, until at the distance of about twelve rods from said bridge, the plaintiff's left trace broke, and also the left shaft of his barouche, and his said barouche then upset, in consequence of running off from the travelled path into the gutter by the side thereof, and threw out the plaintiff; and that in that mode the injury sustained by the plaintiff, was caused: all which was denied by the plaintiff.

The defendant claimed from the testimony, that the plaintiff had not proved, that the defendant did drive his wagon against the plaintiff's barouche, or cause it in any wise to come in collision therewith, or occasion the injury complained of; and if so, that the plaintiff was not entitled to recover. And the defendant also claimed, that if he, the defendant, through negligence, had driven his said wagon against the plaintiff's barouche, and thereby overset it, and caused the injury complained of; yet that the plaintiff was also guilty of the misconduct claimed to have been proved by the defendant concurring to produce the result, and was, therefore, not entitled to recover for such injury.

The plaintiff claimed, that he had been guilty of no negli-

gence or misconduct on his part, and that said injury happened entirely through the negligence or misconduct of the defendant; and that if the plaintiff had been guilty of negligence on his part, the defendant drove his wagon against the plaintiff's barouche, and overset it, and caused the injury complained of, intentionally; and if not intentionally, through gross negligence on the part of the defendant; all of which the defendant denied; and the plaintiff claimed, that in either of these events or cases, he was entitled to recover.

And the parties respectively requested the court to charge the jury in conformity with their several claims.

The court charged the jury, that if the defendant did not drive his wagon against the plaintiff's barouche, and thereby cause the injury complained of, the plaintiff was not entitled to recover in this suit: but that if the defendant, either intentionally, or through gross negligence on his part, drove his wagon against the plaintiff's barouche, and thereby overset it, and caused the injury complained of, the plaintiff was entitled to recover; and that if neither of these was the case, but the defendant was guilty of a want of ordinary and reasonable care and prudence, and thereby drove his wagon against said barouche, and overset it, and caused the injury complained of, the plaintiff was entitled to recover, unless there was also fault or negligence on his part, which concurred in producing the injury; but if the plaintiff, on his part, was guilty of any fault or negligence, and such fault or negligence concurred in producing the injury, he was not entitled to recover.

The jury returned a verdict for the plaintiff; and the defendant moved for a new trial for a misdirection.

*Toucey* and *T. C. Perkins,* in support of the motion, contended, That the defendant, though guilty of gross negligence, was not liable, if the plaintiff was also guilty of fault or negligence, which concurred to produce the injury. *Pluckwell* v. *Wilson,* 3 *Car. & P.* 379. (34 *E. C. L.* 368.) *Luxford* v. *Large,* 5 *Car. & P.* 421. (34 *E. C. L.* 391.) *Williams* v. *Holland,* 6 *Car. & P.* 23. (25 *E. C. L.* 261.) *Woolf* v. *Beard,* 8 *Car. & P.* 373. (34 *E. C. L.* 435.) *Vanderplank* & al. v. *Miller* & al. 1 *Moo. & Mal.* 169. (22 *E. C. L.* 280.) *Butterfield* v. *Forrester,* 11 *East* 60. *Lane* v. *Crombie* &

al. 12 *Pick.* 177.  *Sills* v. *Brown*, 9  *Car. & P.* 601. (38 *E. C. L.* 245. 248.)

*Hungerford* and *Ellsworth*, contra, contended, 1. That if the injury complained of, was done by the defendant, to the plaintiff, intentionally, wantonly, or through gross negligence on his the defendant's part, the plaintiff may recover, though not free from fault or negligence himself.  *Clay* v. *Wood*, 5 *Esp.* 44.  *Rathbun* & al. v. *Payne* & al. 19 *Wend.* 399.  *Hartfield* v. *Roper* & al. 21 *Wend.* 615. 619.

2. That at any rate, the defendant cannot complain of the charge, as it exonerated him from liability, if there was any fault or negligence on the part of the plaintiff, which concurred in producing the injury.  Under this charge, the jury must have found, that the defendant intentionally, or through gross negligence, effected the injury complained of, without the intervention of any fault or negligence on the part of the plaintiff.

STORRS, J.  We do not perceive, that the question discussed by the counsel for the defendant, and on which they claim a new trial for the misdirection of the court below, arises in this case, as it is presented to us on the motion.  That question respects the liability of the defendant for gross negligence on his part, in case the negligence of the plaintiff concurred in producing the injury complained of.  The defendant, however, did not claim on the trial, nor are there any facts claimed to be proved by him to shew, that the plaintiff was guilty of any negligence, at the time when the collision took place.  He claimed to justify himself only by the misconduct of the plaintiff, which is detailed in the motion, and which he claimed to have proved.  That misconduct consisted of the course which the plaintiff pursued previous to the meeting of the parties at the bridge, which was previous to the collision and some distance from the place where it happened.  Now, it is very obvious, that what took place before that meeting, however improper or indiscreet the conduct of the plaintiff may have been, would furnish no justification or excuse for the act of the defendant in subsequently driving his carriage against the plaintiff's, either through design or negligence.  For, subsequent to that meeting, no negligence was claimed to be proved on the part of the plaintiff.  It was

indeed claimed to to be proved, by the defendant, that the plaintiff subsequently endeavoured to keep before the defendant; but that of itself was perfectly lawful;—it involves no misconduct or negligence on the part of the plaintiff; nor would it justify the defendant in endeavouring to prevent it, by either intentionally or negligently running against the plaintiff's carriage.    The defendant also, undoubtedly, had the right, if the road would admit, to pass the plaintiff, and the plaintiff had no right to prevent it; and if, when the defendant attempted so to pass, the plaintiff had designedly placed his carriage in the defendant's way, or negligently omitted to give him room to pass, perhaps he might be left to suffer the consequences thus brought on himself, by his own neglect or intentional misconduct.    Nothing of this kind is, however, imputed to the plaintiff.    The defendant did indeed claim, that if he, through negligence, drove his carriage against and thereby overset the plaintiff's, yet that the plaintiff was also guilty of the misconduct, claimed to be proved by the defendant, concurring to produce the result, and was therefore not entitled to recover for the injury.    That misconduct, however, was not claimed to be, nor did it constitute, negligence on the part of the plaintiff; and it is obvious, by looking at the character of that misconduct, that although it may have been remotely the means of ultimately placing the parties in a situation without which the collision would not have occurred, yet that, legally speaking, that misconduct could not possibly concur in producing the result, in such a sense, that is to say, so directly and necessarily, as to excuse the defendant for what took place at the time of the collision, and directly and necessarily caused it.    This being the case, where is the state of facts claimed by the defendant, which required the court to instruct the jury as to the effect of negligence on the part of the plaintiff concurring to produce the injury?    If indeed the defendant had claimed to have proved, that the plaintiff was guilty of any such negligence, it would have been the duty of the court to instruct the jury as to the law applicable to it; but when the defendant claimed to excuse himself, not on that ground, but merely on what had occurred between him and the plaintiff previously, and before the fresh race between them at the bridge, we do not perceive how the court was called on to charge the jury, as to the effect of any other merely supposed or possible state of facts.    It is sufficient,

*Hartford,*
June, 1843.

Churchill
*v.*
Rosebeck.

that on the facts claimed to be proved by the parties, the court does not state the law erroneously to the jury, or when requested, omit to state it correctly. The court below, therefore, committed no error in not charging the jury, that the plaintiff was not entitled to recover, either if the misconduct on his part, which the defendant claimed to have proved, or if the negligence of the plaintiff concurred in producing the injury complained of. The plaintiff claimed, that the injury occurred entirely through the negligence of the defendant, without any negligence on his part ; and also, that, if the plaintiff was guilty of negligence, the defendant drove his carriage against the plaintiff's, by design or gross negligence, and thereby caused the injury ; and that in either of these events, the plaintiff was entitled to recover. This claim as to the effect of negligence on the part of the plaintiff, was evidently intended merely to meet an anticipated claim, by the defendant, of such negligence ; but as such a claim was not made by the defendant, it was unnecessary to notice it in the charge ; and that part of the charge which was predicated on the supposition that there was concurring fault or negligence in the plaintiff, might properly have been omitted, either as applicable to gross negligence, or a want of ordinary or reasonable care and prudence on the part of the plaintiff. The omission of the court to qualify the effect of negligence on the part of the defendant, by stating the effect of negligence in the plaintiff, could not have injured the defendant, since the facts as claimed by him to be proved, called for no such qualification. The charge, therefore, as applicable to the case, was unexceptionable. Whether, or under what circumstances, the gross negligence of the defendant would be excused, by concurring negligence on the part of the plaintiff, in cases of injuries occasioned by collision, it is unnecessary in this case to consider ; and on a subject where it is so difficult to lay down general principles without qualification, and where it would be hazardous to attempt to point out with precision all those qualifications, we do not wish to be understood as expressing any opinion not required by the case before us.

For these reasons a new trial is not advised.

In this opinion the other Judges concurred.

New trial not to be granted.