NASHUA IRON AND STEEL CO. *v.* WORCESTER & NASHUA RAILROAD CO.

A plaintiff who by reason of his and the defendant's negligence has been compelled to pay damages to another may recover indemnity, although but for his own negligence the injury would not have happened, if at the time it occurred he could not, and the defendant could, have prevented it by ordinary care.

CASE. Demurrer to the declaration.

*C. H. Burns* and *C. W. Hoitt,* for the plaintiffs.

*A. F. Stevens,* for the defendants.

CARPENTER, J. The declaration alleges that by the defendants' careless management of their engine and cars, the plaintiffs' horse was frightened, and caused to run upon and injure Ursula Clapp, who was without fault; that Clapp brought her action therefor against the plaintiffs, and recovered judgment for damages, which they paid; that the defendants had notice of, and were requested to defend, the suit. The defendants demur. Inasmuch as Clapp could not have recovered against the plaintiffs unless they were in fault (*Brown* v. *Collins,* 53 N. H. 442, *Lyons* v. *Child,* 61 N. H. 72), it must be taken that their negligence coöperated with that of the defendants to produce the injury. If the plaintiffs were not liable in that action because their negligence was not, and the defendants' negligence was, the cause of the accident, the objection is not now open to the defendants. *Littleton* v. *Richardson,* 34 N. H. 179. In relation to Clapp, both parties were wrong-doers. She could pursue her remedy against either or both

of them, at her election. *Burrows* v. *March Gas Co.*, L. R. 5 Ex. 67, 71.

One of several wrong-doers, who has been compelled to pay the damages caused by the wrong, has in general no remedy against the others. He cannot make his own misconduct the ground of an action in his favor. To this proposition there are, it has been said, so many exceptions, that it can hardly, with propriety, be called a general rule. *Bailey* v. *Bussing*, 28 Conn. 455. Its application is restricted to cases where the person seeking redress knew, or is presumed to have known, that the act for which he has been mulcted in damages was unlawful. *Jacobs* v. *Pollard*, 10 Cush. 287, 289; *Coventry* v. *Barton*, 17 Johns. 142. In many instances several parties may be liable in law to the person injured, while as between themselves some of them are not wrong-doers at all; and the equity of the guiltless to require the actual wrong-doer to respond for all the damages, and the equally innocent to contribute his proportion, is complete. *Wooley* v. *Batte*, 2 C. & P. 417; *Pearson* v. *Skelton*, 1 M. & W. 504; *Betts* v. *Gibbins*, 2 A. & E. 57; *Adamson* v. *Jarvis*, 4 Bing. 66; *Avery* v. *Halsey*, 14 Pick. 174; *Gray* v. *Boston Gas Light Co.*, 114 Mass. 149; *Churchill* v. *Holt*, 127 Mass. 165, and 131 Mass. 67; *Bailey* v. *Bussing*, *supra*; *Smith* v. *Foran*, 43 Conn. 244. These cases, instead of being exceptions to the rule, seem rather not to fall within it. The right of recovery rests in the one case upon the principle that he who without fault on his part is injured by another's wrongful act is entitled to indemnity, and in the other upon the doctrine of contribution. One of two masters, who is compelled to pay damages by reason of his servant's negligence, may have contribution from the other because he has removed a burden common to both. They may recover indemnity of the servant, because as against him they are without fault, and are directly injured by his misconduct. One who is so far innocent that he can recover for an injury to his person or property, may also recover whatever sum he, by reason of his relation to the wrong, has been compelled to pay to a third person. If the plaintiffs could recover for an injury to their horse caused by the accident, they may recover the sum which they paid to Clapp.

The declaration is general. It does not disclose the particulars of the plaintiffs' negligence, by reason of which Clapp recovered against them. Under it, cases differing widely in their facts and legal aspects may be proved. Among others possible, it may be shown that the horse was in the charge of the plaintiffs' servants, who might have prevented its fright or its running after the fright, or if they could do neither, that they might nevertheless have avoided the injury to Clapp; or it may appear that the plaintiffs' negligence consisted solely in permitting the horse, whether attended or unattended by their servants, to be at the place where it was at the time of the fright. The generality of the declaration

does not render it bad in law. *Corey* v. *Bath*, 35 N. H. 531. If the plaintiffs are entitled to judgment upon any state of facts provable under it, the demurrer must be overruled. Whether the plaintiffs can recover in any case, and if so, in what cases, possible to be proved under the declaration, are speculative or hypothetical questions, of which none may, and all cannot, arise. They involve substantially the whole subject of the law relating to mutual negligence. The case might properly be discharged without considering them (*Smith* v. *Cudworth*, 24 Pick. 196), and the parties required to present by the pleadings, or by a verdict, the facts upon which their rights depend. A brief consideration, however, of the general questions involved, may, it is thought, facilitate a trial and save expense to the parties.

Ordinary care is such care as persons of average prudence exercise under like circumstances. *Tucker* v. *Henniker*, 41 N. H. 317; *Sleeper* v. *Sandown*, 52 N. H. 244; *Aldrich* v. *Monroe*, 60 N. H. 118. Every one in the conduct of his lawful business is bound to act with this degree of care, and if he fails to do so is responsible for the consequences. (It follows that a person injured by reason of his want of ordinary care, or (since the law makes no apportionment between actual wrong-doers) by the joint operation of his own and another's negligence, is remediless) This general rule of law justly applied to the facts, determines, it is believed, the rights of the parties in all actions for negligence. In its application, the law, as in various other cases, deals with the immediate cause,—the cause as distinguished from the occasion,—and looks at the natural and reasonably to be expected effects. *Cowles* v. *Kidder*, 24 N. H. 383; *Hooksett* v. *Company*, 44 N. H. 108; *McIntire* v. *Plaisted*, 57 N. H. 608; *Solomon* v. *Chesley*, 59 N. H. 243; *China* v. *Southwick*, 12 Me. 238; *Lowery* v. *Western U. Tel. Co.*, 60 N. Y. 198; *Rigby* v. *Hewitt*, 5 Exch. 243; *Blyth* v. *Birmingham Waterworks Co.*, 11 Exch. 781; *Bank of Ireland* v. *Evans's Charities*, 5 H. L. Ca. 389, 410, 411; *Ionides* v. *Marine Ins. Co.*, 14 C. B. N. S. 259; *Romney Marsh* v. *Trinity House*, L. R. 5 Ex. 204; *Holmes* v. *Mather*, L. R. 10 Ex. 268; *Sharp* v. *Powell*, L. R. 7 C. P. 253; *Pearson* v. *Cox*, 2 C. P. Div. 369; *Tutein* v. *Hurley*, 98 Mass. 211; Bro. Leg. Max. 215.

Actions for negligence may, for convenience of consideration, be separated into four classes, namely,—where, upon the occasion of the injury complained of (1) the plaintiff, (2) the defendant, or (3) neither party was present, and (4) where both parties were present. In all of them it may happen that both parties were more or less negligent. Actions upon the statute of highways are a common example of the first class. (The negligence of the defendant, however great, does not relieve the plaintiff from the duty of exercising ordinary care) If, notwithstanding the defective condition of the highway, this degree of care on the part of the plaintiff would prevent the accident, his and not the defendant's

negligence, though but for the latter it could not happen, is, in the eye of the law, its sole cause. *Farnum* v. *Concord*, 2 N. H. 394; *Butterfield* v. *Forrester*, 11 East 60. In this class of cases, an injury which the plaintiff's negligence contributes to produce could not happen without it. The not uncommon statement that the plaintiff cannot recover if his negligence contributes in any degree to cause the injury, is strictly correct, although the word "contribute" may be, as *Crompton*, J., in *Tuff* v. *Warman*, 5 C. B. N. S. 584, says it is, "a very unsafe word to use," and "much too loose." The result is the same whether the plaintiff acts with full knowledge of the danger, or, by reason of a want of proper care, fails to discover it seasonably. If he is not bound to anticipate, and in advance provide for, another's negligence, he may not wilfully or negligently shut his eyes against its possibility. He is bound to be informed of everything which ordinary care would disclose to him. He can no more recover for an injury caused by driving into a dangerous pit, of which he is ignorant, but of which ordinary care would have informed him, than for one caused by carelessly driving into a known pit. *Norris* v. *Litchfield*, 35 N. H. 271; *Clark* v. *Barrington*, 41 N. H. 44; *Tucker* v. *Henniker*, 41 N. H. 317; *Winship* v. *Enfield*, 42 N. H. 213, 214; *Underhill* v. *Manchester*, 45 N. H. 220.

The defendant's negligence being found or conceded, the remaining question is, whether the plaintiff, by the exercise of ordinary care, could have escaped the injury. If he could not, he is free from fault, and is entitled to recover. If he could, he not only cannot recover for his own injury, but is himself liable to the other party, if the latter is injured; and the case becomes one of the second class, of which *Davies* v. *Mann*, 10 M. & W. 546, is an instance. The defendant is liable here for the same reason that, as plaintiff, he could not recover,—that is to say, because ordinary care on his part would have prevented the injury. (The fact that one has carelessly exposed his property in a dangerous situation does not absolve his neighbors from the obligation of conducting themselves in regard to it with ordinary care.) An injury which that degree of care would prevent is caused by the want of it, and not by the owner's negligence in leaving his property in a perilous position. A surgeon, called to set a leg carelessly broken, cannot successfully urge, in answer to a suit for mal-practice, that the patient's negligence in breaking his leg caused the crooked or shortened limb. *Lannen* v. *Albany Gas-light Co.*, 44 N. Y. 459, 463; *Hibbard* v. *Thompson*, 109 Mass. 286, 289. So far as the question of civil liability is concerned, there is no distinction, except it may be in the measure of damages (*Fay* v. *Parker*, 53 N. H. 342, *Bixby* v. *Dunlap*, 56 N. H. 456), between wilful and negligent wrongs. One who, without reasonable necessity, kills his neighbor's ox, found trespassing in his field, is equally liable whether he does it purposely or carelessly. *Aldrich* v. *Wright*, 53

N. H. 398; *McIntire* v. *Plaisted*, 57 N. H. 606; Cool. Torts 688–694. Mann would be no more liable for wilfully shooting the fettered ass which Davies has carelessly left in the public highway, than he is for the running over it, which, by ordinary care, he could avoid. The owner's negligence, in permitting the ox to stray and in leaving the ass fettered in the street, although without it the injury would not happen, is no more the cause, in a legal sense, of the negligent than of the wilful wrong. In each case alike,—as in that of the broken leg,—it merely affords the wrong-doer an opportunity to do the mischief. *Bartlett* v. *Boston Gas-light Co.*, 117 Mass. 533; *Clayards* v. *Dethick*, 12 Q. B. 439, 445.

Knowledge, or its equivalent, culpable ignorance, and ignorance without fault of the situation, are circumstances by which, among others, the requisite measure of vigilance is determined. *Griffin* v. *Auburn*, 58 N. H. 121, 124; *Palmer* v. *Dearing*, 93 N. Y. 7; *Robinson* v. *Cone*, 22 Vt. 213. The question of contributory negligence is not involved. The wrong, if any, is the negligent injury of property carelessly exposed to danger. The only question is, whether the defendant could have prevented it by ordinary care. If he could not, he is without fault, and not liable. If he could, his negligence is, in law, the sole cause of the injury. *Davies* v. *Mann*, 10 M. & W. 546; *Radley* v. *London &c. Railway*, 1 App. Ca. 754; *Mayor of Colchester* v. *Brooke*, 7 Q. B. 377; *Isbell* v. *N. Y. & N. H. Railroad*, 27 Conn. 393; *Trow* v. *Vt. Central Railroad*, 24 Vt. 487; *Harlan* v. *St. Louis &c. Railroad*, 64 Mo. 480; *Kerwhacker* v. *Cleveland &c. Railroad*, 3 Ohio St. 172.

The law is not affected by the presence or the absence of the parties, nor by the difficulty of applying it to complicated facts. To warrant a recovery where both parties are present at the time of the injury, as well as in other cases, ability on the part of the defendant must concur with non-ability on the part of the plaintiff to prevent it by ordinary care. Their duty to exercise this degree of care is equal and reciprocal; neither is exonerated from his obligation by the present or previous misconduct of the other. The law no more holds one responsible for an unavoidable, or justifies an avoidable, injury to the person of one who carelessly exposes himself to danger, than to his property, similarly situated in his absence. He who cannot prevent an injury negligently inflicted upon his person or property by an intelligent agent, "present and acting at the time" (*State* v. *Railroad*, 52 N. H. 528, 557, *White* v. *Winnisimmet Co.*, 7 Cush. 155, 157, *Robinson* v. *Cone*, 22 Vt. 213), is legally without fault, and it is immaterial whether his inability results from his absence, previous negligence, or other cause. On the other hand, his neglect to prevent it, if he can, is the sole or coöperating cause of the injury. No one can justly complain of another's negligence, which, but for his own wrongful interposition, would be harmless. *Parker* v. *Adams*, 12 Met. 415.

Cases of this class assume a great variety of aspects. While all are governed by the fundamental principle, that he only, who by ordinary care can and does not prevent an injury, is responsible in damages, it is impossible to formulate a rule in language universally applicable. A statement of the law correct in its application to one state of facts may be inaccurate when applied to another. Instructions to the jury proper and sufficient in a case of the first class, would be not only inappropriate but incorrect in one of the second class. The doctrine laid down in *Tuff* v. *Warman*, 5 C. B. N. S. 573, 585, however just and well suited to the evidence in that case, was held erroneous as applied to the facts in *Murphy* v. *Deane*, 101 Mass. 455, 464–466, and, as a general proposition, seems indefensible.

An accident may result from a hazardous situation caused by the previous negligence of one or both parties. If, at the time of the injury, the defendant is unable to remove the danger which his negligence has created, the case becomes, in substance, one of the first class (the plaintiff can recover or not, according as, by ordinary care, he can or can not protect himself from the natural consequences of the situation.) If the plaintiff, in like manner, is unable to obviate the danger which his prior negligence has produced, the case becomes, substantially, one of the second class ; (he can recover or not, according as the defendant, by the same degree of care, can or can not avoid the natural consequences of such negligence.) If due care on the part of either at the time of the injury would prevent it, the antecedent negligence of one or both parties is immaterial, except it may be as one of the circumstances by which the requisite measure of care is to be determined. In such a case the law deals with their behavior in the situation in which it finds them at the time the mischief is done, regardless of their prior misconduct. The latter is *incuria*, but not *incuria dans locum injuriae*—it is the cause of the danger ; the former is the cause of the injury. *Metropolitan Railway* v. *Jackson*, 3 App. Ca. 193, 198; *Dublin &c. Railway* v. *Slattery*, 3 App. Ca. 1155, 1166; *Davey* v. *London &c. Railway*, 12 Q. B. Div. 70, 76 ; *Churchill* v. *Rosebeck*, 15 Conn. 359, 363–365.

If a person, who by his carelessnes is put in a position perilous to himself and to others, while in that position does all that a person of average prudence could, he is guilty of no wrong towards another who embraces the opportunity negligently to injure him, or who receives an injury which proper care on his part would prevent. It would doubtless be esteemed gross carelessness to navigate the Atlantic in a vessel without a rudder, but if the owner, while sailing his rudderless ship with ordinary care, is negligently run down by a steamer, the latter must pay the damages, and can recover none if it is injured. *Dowell* v. *Steam Navigation Co.*, 5 E. & B. 195; *Haley* v. *Earle*, 30 N. Y. 208; *Hoffman* v. *Union Ferry Co.*, 47 N. Y. 176. If the vessel, by reason of its

lack of a rudder, runs upon and injures the steamer, both being in the exercise of ordinary care at the time, the former must pay the damages. (He who by his negligence has produced a dangerous situation is responsible for an injury resulting from it to one who is without fault.)

(If, at the time of the injury, each of the parties, or, in the absence of antecedent negligence, if neither of them, could prevent it by ordinary care, there can be no recovery.) The comparatively rare cases of simultaneous negligence will ordinarily fall under one or the other of these heads. If the accident results from the combined effect of the negligence of both parties, that of neither alone being sufficient to produce it, proof by the plaintiff that due care on the part of the defendant would have prevented it will not entitle him to recover, because like care on his own part would have had the same effect. If the misconduct of each party is an adequate cause of the injury, so that it would have occurred by reason of either's negligence without the coöperating fault of the other, proof by the plaintiff that by due care he could not have prevented it will not entitle him to recover, because no more could the defendant have prevented it by like care. *Murphy* v. *Deane*, 101 Mass. 464, 465; *Churchill* v. *Holt*, 131 Mass. 67. In each case alike they are equally in fault. (To warrant a recovery, the plaintiff must establish both propositions, namely, that by ordinary care he could not, and the defendant could, have prevented the injury.) *State* v. *Railroad*, 52 N. H. 528; *Bridge* v. *Grand Junction Railway*, 3 M. & W. 244; *Dowell* v. *Steam Navigation Co.*, 5 E. & B. 195; *Tuff* v. *Warman*, 5 C. B. N. S. 573; *Davey* v. *London &c. Railway*, 12 Q. B. Div. 70; *Munroe* v. *Leach*, 7 Met. 274; *Lucas* v. *New Bedford &c. Railroad*, 6 Gray 64; *Murphy* v. *Deane*, 101 Mass. 455; *Hall* v. *Ripley*, 119 Mass. 135; *Button* v. *Hudson &c. Railroad*, 18 N. Y. 248; *Austin* v. *N. J. Steamboat Co.*, 43 N. Y. 75; *Barker* v. *Savage*, 45 N. Y. 194; Cool. Torts 674, 675, and cases cited.

In the comparatively unfrequent cases of the third class, a negligent plaintiff can seldom, if ever, recover. Where both parties are careless, they are usually, if not always, equally in fault; ordinary care on the part of either would prevent the injury. (Not being present on the occasion of the accident, neither can, in general, guard against the consequences of the other's negligence.) *Blyth* v. *Topham*, Cro. Jac. 158; *Sybray* v. *White*, 1 M. & W. 435; *Williams* v. *Groucott*, 4 B. & S. 149; *Lee* v. *Riley*, 18 C. B. N. S. 722; *Wilson* v. *Newberry*, L. R. 7 Q. B. 31; *Lawrence* v. *Jenkins*, L. R. 8 Q. B. 274; *Firth* v. *Bowling Iron Co.*, 3 C. P. Div. 254; *Crowhurst* v. *Amersham Burial Board*, 4 Ex. Div. 5; *Bush* v. *Brainard*, 1 Cow. 78; *Lyons* v. *Merrick*, 105 Mass. 71; *Page* v. *Olcott*, 13 N. H. 399.

If there are actions for negligence of such a character that the rights of the parties are not determinable by the application of

these principles, the present case is not one of them. If, notwithstanding the defendants' negligence, the plaintiffs, by ordinary care, could have prevented the fright of the horse, or its running, after the fright, or, in the absence of ability to do either, if they could have avoided the running upon and injury to Clapp, their misconduct, and not that of the defendants, was the cause of the accident, and they cannot recover. On the other hand, if the plaintiffs' carelessness consisted solely in permitting the horse to be where it was at the time, and ordinary care by the defendants would have prevented its fright, or, if the plaintiffs, by proof of any state of facts competent to be shown under the declaration, can make it appear that at the time of the occurrence they could not, and the defendants could, by such care have prevented the accident, they are entitled to recover.

*Demurrer overruled.*

CLARK, J., did not sit: the others concurred.