Nellie A. Powers, administratrix, *vs.* Boston Gas Light
Company.

Suffolk.    January 11, 1893. — March 2, 1893.

Present: Field, C. J., Allen, Holmes, Knowlton, & Barker, JJ.

*Personal Injuries — Gas Company — Evidence.*

In an action against a gas company for personal injuries occasioned by its alleged negligence in the conduct of its business, a printed notice issued by it to gas consumers, calling attention to the liability of leaks from the digging up of the streets by various corporations, and requesting compliance with certain rules, and which was distributed by its agents within a year before the accident, is admissible in evidence.

Tort, for personal injuries occasioned to the plaintiff's intestate, Peter F. Lydon, by the alleged negligence of the defendant. Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions, in substance as follows.

Lydon was fatally injured on the evening of December 26, 1888, by an explosion of gas in a manhole belonging to the Boston Steam Heating Company, located at the corner of Oliver Street and Fort Hill Square in Boston.

There was evidence tending to show that Lydon was assisting one Powers, who was in the employ of the Boston Steam Heating Company, in inspecting the manhole in question, which

was about eighteen feet deep, through which passed certain steam-pipes; that Lydon descended into the manhole with a lighted lantern for the purpose of cleaning the same out, and when he had proceeded into the same about four feet with his lantern the explosion occurred which caused the injury; that the defendant had a gas main located about eight or ten feet from the manhole, which, on December 16, 1888, was found to have been broken nearly in two pieces, and the same was on that day repaired by the defendant by putting a clamp about twenty-four inches long over the broken pipe or main, with a layer of cement and oakum between; that the clamp was composed of cast iron, and worked with a hinge upon one side, and on the other side were certain bolts which ran through the clamp, and were made fast at that side; and that a short time after the explosion, the clamp and part of the pipe which it covered were taken out, and the clamp was found to be broken, and there was a crack large enough to put in a knife-blade running the whole length.

There was no evidence tending to show when the clamp broke; but it was contended by the plaintiff that the pipe was not repaired properly, and that the clamp was broken by causes which could have been foreseen by the defendant. The defendant introduced evidence tending to show that the pipe was broken by reason of the settling of the streets, caused by work done some time before by the Boston Steam Heating Company in digging up the streets; and that the clamp was either broken by the same cause, or by the force of the explosion. The plaintiff introduced evidence tending to show that the clamp was broken by contraction; that the pipe and clamp were not sufficient to hold the gas; that it leaked, and found its way into the manhole, and caused the explosion; and that this was due to the negligence of the defendant.

The defendant further introduced, in order to show the system and manner in which it carried on business, evidence that it had in the streets of Boston gas pipes measuring about two hundred and fifty miles; that the laying and repairing of these pipes was managed by the street department, of which one Durrell was superintendent at the time of the accident; that the assistant superintendent was always at the office of the

defendant at night; that it had also in its employ a body of men called jobbers, whose business it was to attend to all complaints and notices of leaks, and to repair small leaks in houses; that several of them were stationed night and day at the office for the purpose of receiving such notices; that it had a clerk whose duty it was to receive all such complaints and notices of leaks, and transmit them at once to the proper persons to repair them; that it also had men whose duty it was to collect bills from its customers, and others to connect the service pipes with the mains in the street; that it had in the mains in the streets several thousand valves, so arranged that the gas could be cut off from the pipes within a few minutes from the arrival of the men on the spot; and that it had, in 1888, some seven or eight hundred men in its employ. For the purpose of showing due care on the part of the defendant in the general management of its business, and as a part of its sytem, it was allowed to introduce the following notice, as evidence thereof:

"Notice to Gas Consumers. — Important.— The gas-pipes in the streets are liable to be broken by the settlement of the streets after any disturbance of the soil, and in cases of leaks of gas from the street pipes an examination of the burners in the building will not disclose the cause or locality of the leak. As is well known, many of the streets of this city have recently been dug up by the Telephone Company, Electric Light Company, Steam Heating Company, and Bay State Gas Company. The Boston Gas Light Company hereby calls your attention to this fact, and, in order to prevent accidents from explosions or inhalation of its gas, requests your strict compliance with the following rules: 1. As soon as a smell of gas is perceived, either by day or night, immediate notice should be sent to the office of the company, No. 24 West Street; 2. No light should be taken into any room where there is a smell of gas, and no match should be lighted; 3. The windows in any room where gas is perceived should be opened at once, and kept open. The attention of all your employees should be called to these rules at once, and a careful compliance with them should be enforced."

The notice was signed by the defendant, and dated December 1, 1887. The plaintiff excepted to the admission of this notice.

It appeared in evidence that notices similar to the one introduced in evidence were delivered along the route where the accident happened, by collectors of the defendant, some time after December, 1887, and prior to the explosion. The collectors of the defendant testified that they delivered to all their customers along the route such notices; and there was no evidence whether the Boston Steam Heating Company was or was not a customer, except that its office was on the route. There was no evidence offered tending to show whether the notice did or did not come to the knowledge of Lydon.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. H. Baker*, for the plaintiff.

*C. P. Greenough*, (*J. P. Parmenter* with him,) for the defendant.

BARKER, J. The defendant's negligence in failing to discover that gas was escaping from its pipes, in the immediate vicinity of the manhole where the plaintiff's intestate was injured by an explosion, is alleged as one of the grounds of the action, and there are also counts for the defendant's negligence in not furnishing proper and safe pipes, and in not properly inspecting and repairing them. The issue whether the defendant was negligent in the conduct of its business was thus raised, and upon this issue a wide range of evidence was relevant and material. This results from the nature and extent of the business which the Legislature has authorized the defendant to transact. The supply of gas to a city like Boston requires the maintenance of many miles of street mains, at any point of which a leak is liable to occur. Practically it is no more possible for a gas company to so arrange its mains, or to have such a force of servants, that all leaks shall be discovered as soon as they occur, than for a city or town constantly to keep all of its highways in perfect repair. In both cases it is well settled that evidence of what precautions were actually taken, and of what means were actually employed to discharge the duties imposed, is relevant and admissible. *Holly* v. *Boston Gas Light Co.* 8 Gray, 123. *Hunt* v. *Lowell Gas Light Co.* 1 Allen, 343. *Emerson* v. *Lowell Gas Light Co.* 3 Allen, 410. *Bartlett* v. *Boston Gas Light Co.* 117 Mass. 533. *Rooney* v. *Ran-*

*dolph,* 128 Mass. 580.    *Hayes* v. *Cambridge,* 136 Mass. 402, and 138 Mass. 461.

The question whether the defendant was at fault is one to be determined upon a view of its system and manner of doing business, so far as that is relevant to the alleged negligence. The notice issued by the defendant to gas consumers, calling attention to the liability of leaks from the digging up of the streets by various corporations, which was distributed by its agents, was relevant, and was near enough in time to be admissible. The objection that the printed notice given in evidence was a copy merely, and was not one of those actually distributed to its customers by the defendant, is not saved in the bill of exceptions.                    *Exceptions overruled.*