[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Raymond J. and Bernadette F. Balletti reside upon and own property at 7 Riverside Street in Enfield, Connecticut. Defendant Margaret R. Pappas owns property bordering that of the plaintiffs. Defendant Shadmar, Inc., is Connecticut corporation formed by defendant Pappas for the purpose of developing and subdividing Pappas's property.
There is a pond located on the boundary line of the properties of the plaintiffs and defendant Pappas. This lawsuit was brought by the plaintiffs to determine their right to use the pond. They also claim that defendant Pappas pumped water from the pond, constructed pipes or culverts in the pond and CT Page 7305 failed to properly restore the pond by protecting against future erosion.
After hearing testimony of the parties, studying the exhibits, and viewing the premises, the court finds the following facts.
In January 1986 the plaintiffs purchased their property from Matthew Charles Alaimo (Plaintiffs' Exhibit A). The property consisted of two pieces. The second piece borders on the pond. A portion of the second piece extends into the pond so that the plaintiffs own a portion of the land beneath the water. (Defendants' Exhibit 1).
In 1956 Matthew Charles Alaimo had purchased the same two pieces from Anthony and Mary Molinski (Plaintiffs' Exhibit B).
Defendant Pappas acquired her adjoining land by quit-claim deed in 1973 (Plaintiffs' Exhibit C). She now owns several acres of land on both sides of the pond.
Some time in 1986 or 1987 defendant Pappas and/or Shadmar, Inc., planned to dredge and restore the pond. The plaintiffs obtained a temporary injunction which prohibited them from doing so.
On March 22, 1987 the parties entered into a stipulated agreement which dissolved the temporary injunction (Plaintiffs' Exhibit E). The agreement provided in pertinent part as follows: "The defendant may proceed to complete the restoration of the pond northerly of Bridge Lane by dredging, which may include the temporary removal or diversion of the water of the pond, provided that such dredging shall include the area owned by the plaintiffs and further provided that the shoreline owned by the plaintiffs shall be sloped and graded to the water's edge."
The defendants in accordance with the stipulation proceeded to dredge and restore the pond. However, they failed to slope and grade the shoreline owned by the plaintiffs in a proper manner. Thus, erosion of plaintiffs' shoreline has occurred. It will cost $1,060.00 to correct the problem. (Plaintiffs' Exhibit I).
Also the defendants put up a chain-linked fence along their property on the east side of the pond. The fence stopped at the southwest corner of the plaintiffs' property. However, the defendants tied a rope from the fence across the pond in an effort to prevent the plaintiffs from using a portion of the pond. (Plaintiffs' Exhibits G, K, and L). CT Page 7306
Over the years the plaintiffs, their children, their guests, their predecessors in title (the Alaimos), the Alaimos' children, grandchildren, and guests have all used the entire pond for recreational purposes (fishing, sliding, skating and boating). Yet the defendant Pappas has taken the position that they may use only that portion of the pond over which their land lies. (Plaintiffs' Exhibits G, K, L, and T).
The court finds that defendants have interfered with the riparian rights of plaintiffs who wish to have reasonable use and enjoyment of the entire pond. "Generally, all riparian owners of a lake or pond and their lessees and licensees have equal rights to reasonable use of the entire lake for boating, swimming, fishing and other similar uses, subject to the reasonable use of the waters by other riparian owners." Powell on Real Property, Volume 5, Section 709 (65-30); Harvey Realty Co. v. Wallingford, 111 Conn. 352. Grasso v. Groton Long Point Association, Inc., 13 CLT 25 (Page 642 at 643); Wadsworth v. Tillotson, 15 Conn. 365.
The court further finds that defendants should pay for the restoration of plaintiffs' shoreline so that no further erosion will occur.
Accordingly, judgment may enter as follows:
Defendants are enjoined from interfering with plaintiffs' riparian rights to reasonable use and enjoyment of the waters of the entire pond. Judgment may enter for plaintiffs against defendants for damages in the amount of $1,060.00.
Allen, J.