Parker, C. J.,
delivered the opinion of the Court. However meritorious the plaintiff’s claim may be, and whatever obligations may rest upon the inhabitants, in honor and equity, to pay him for property advanced to purchase the safety of the whole, we are not able to perceive any legal principle upon which his action can be maintained. There was no contract by the inhabitants, nor by any person authorized to make one for them. The selectmen acted in their individual capacity; the transaction being wholly out of the sphere of their official duty.
It may be doubted whether, if a vote had been passed in a regular town meeting, to nay for the property thus sacrificed, a tax *187 founded on such vote would be legal; for the demand was not of a nature to affect the inhabitants in their corporate, but only in their individual, capacity. The danger threatened was to the prop erty, not of the town, but of individuals. A voluntary * agreement amongst the inhabitants would have been binding, because founded on a meritorious consideration ; but a corporate vote might be questioned upon such a subject. The verdict must be set aside, and the plaintiff be called.

Plaintiff nonsuit.