JOHN S. GEORGE & wife *vs.* CITY OF HAVERHILL.

It is no defence to an action against a city or town, under the Gen. Sts. *c.* 44, § 22, to recover for an injury caused by a defect in a highway, that the city or town used ordinary care in repairing the way, if in fact it was not reasonably safe and convenient.

In an action under the Gen. Sts. *c.* 44, § 22, against a city to recover for an injury caused by an alleged defective construction of a sidewalk, evidence that sidewalks are constructed in the same way in other cities is not admissible for the purpose of showing that such construction is not a defect.

In an action under the Gen. Sts. *c.* 44, § 22, against a city to recover for an injury occasioned by an elevation in a sidewalk, alleged to be a defect, the testimony of witnesses that they have seen elevations of the same size in sidewalks is not admissible.

In an action, under the Gen. Sts. *c.* 44, § 22, against a city to recover for an injury occasioned by the plaintiff's falling over a plank which separated a gravel from a brick sidewalk and projected above the gravel, it appeared that the plaintiff had often walked over and observed the plank ; that she passed over it a few minutes before the accident ; and that at the time of the accident, which was in the evening, she was not thinking about it. *Held,* that these facts did not require the judge to rule that she was not in the exercise of due care.

In an action by a woman, who was a boarding-house keeper, to recover for injuries caused by an accident, she may testify to the number of her boarders, at the time of the accident, for the purpose of showing what work she was then able to do.

..n an action, under the Gen. Sts. *c.* 44, § 22, against a city to recover for injuries caused by the plaintiff's tripping over a plank projecting above a gravel sidewalk, the defendants introduced evidence that from the time of the accident to a day ten months later the plank remained in exactly the same position ; that on that day it was taken up to measure its thickness ; and that in putting it down again it was left half an inch higher than when taken up; and they then offered evidence of accurate measurements of its height above the gravel taken afterwards on the same day. *Held,* that the exclusion of the evidence offered gave the defendants no ground of exception.

TORT, by John S. George, and Lucy A. George, his wife, under the Gen. Sts. *c.* 44, § 22, to recover for personal injuries to her occasioned by a defect in Main Street in Haverhill, a highway which the defendants were bound to keep in repair.

At the trial in the Superior Court, before *Putnam,* J., it appeared that the injury was caused by a fall occasioned by Lucy A. George striking her foot, on the evening of November 27, 1870, against a piece of plank four inches wide by two inches thick, laid across the sidewalk on Main Street; that the sidewalk was of gravel, except a few rods of brick ; and that the brick was separated from the gravel by the plank aforesaid.

Lucy A. George testified that she had lived on Main Street a few rods to the north of the place of the accident, during the eleven months preceding the accident ; that during this time she had been in the habit of passing over the sidewalk and the place of the accident several times a week ; that she had observed the plank which stopped the brick walk, and knew of its location ; that on the evening of November 27, she had passed over this piece of sidewalk and plank a few minutes before the accident ; that upon her return she tripped and fell, not thinking about the location of the plank at the time ; that when she got up, she looked and saw the piece of plank, and that it was the cause of her fall ; that at the time of the fall, which was about eight o'clock in the evening, the new moon was about one hour high ; but that there were shade fir trees upon the line of the plank between her and the moon, which more or less obscured its light ; that the gas lights, if any, in the neighborhood, were not lighted ; and that the plank was lying with the wide side upon the ground.

The plaintiffs called several witnesses to testify as to the height of the plank above the level of the gravel walk at and about the time of the accident, and some of them testified that the plank was raised in the centre of the walk, where most of the travel was, two and a half inches, and at the ends, three and a half inches above the level of the gravel, but that it was level with the bricks as laid.

The defendants introduced evidence tending to show that at the time of the accident the plank was only about half an inch

above the level of the gravel walk in the centre, and at no place an inch and a half above it; that at a former trial of the case in September 1871, when the jury failed to agree, a view of the place was had by the jury; that from the time of the accident up to the day of this view the plank remained embedded in the earth precisely as it was at the time of the accident, and was no higher above the gravel than at the time of the accident; that upon the day of the view but before the jury viewed the place, one Jenness, in order to ascertain the thickness of the plank, took it up, and in replacing it left it half an inch higher than it was when he took it up. The defendants offered evidence to show that accurate measurements were made of the height of the plank above the gravel at the time of the view and in presence of the jury, and what those measurements were, but the judge excluded the evidence of those measurements, because there had been a change of the plank, and because the time was too remote, the plaintiffs having confined their evidence to the condition of the plank at and about the time of the accident.

The defendants offered evidence "that in other cities, Newburyport, Lawrence, Salem, Lynn and Boston, sidewalks were constructed in the same manner as this one was; that when they were partly gravel and partly brick, the brick portion was stopped off in the same manner as this; that the elevations where they were stopped off were no higher than this one; that it was the universal custom in these cities to build them in the same way and of equal height, except that sometimes stone instead of plank was used; and that the height of the object used to stop off these brick sidewalks was as high as the plank in this case." The judge admitted the evidence as bearing on the question of proper care on the part of Lucy A. George, but ruled that the jury could not consider the evidence upon the question whether the sidewalk was properly constructed, or upon the question whether a sidewalk so constructed and maintained was a defect.

The defendants proposed to ask several witnesses this question, " Have you not seen depressions in sidewalks, and elevations of the same size as this?" The plaintiffs objected, and the judge refused to allow it to be put.

Lucy A. George having testified that she kept a boarding-house at the time of the accident, was asked how many boarders she kept. The question was objected to by the defendants. The plaintiffs' counsel then stated that the question was not asked with reference to showing any loss of business, but only as preliminary to evidence as to the amount of work she could do before and since the accident. The judge admitted the evidence.

The defendants requested the judge to instruct the jury as follows: " If the plank was as the plaintiffs' witnesses testified it was, they cannot recover. If the plank was not higher than from half an inch to one and a half inches above the level of the gravel side-walk, they cannot recover. The defendants are only obliged to use ordinary care in the construction and maintenance of their side-walks, and are not required to guard against every accident which may happen and to use the highest possible care to prevent such accidents. The statute imposes upon towns and cities the duty of keeping highways safe and convenient, but it does not import abso-lute safety or preclude the possibility of accident. This would be wholly impracticable. Towns and cities are bound to exercise only ordinary care. They are not bound to keep their roads absolutely safe, because there is absolute safety nowhere. The town cannot be held to insure every traveller against accident. In the perform-ance of the duties of towns and cities they are not bound to exer-cise the highest possible care, the most anxious watchful vigilance, but they are bound to exercise only ordinary care considering the nature and circumstances of the case. If the sidewalk was stopped off in the usual and customary way of stopping off in all other cities, and so remained as in all other cities, the defendants were not wanting in ordinary care in the construction and maintenance of the sidewalk. If Lucy A. George had been in the frequent habit of passing over this sidewalk and knew that the plank over which she fell had been placed for many months in the same po-sition as when she fell, she was bound to be on the lookout for it, and if she tripped against it without taking any notice or thought about it, she cannot recover."

The judge declined so to instruct the jury, and instructed them as follows: " The statute imposes upon towns and cities the duty

of keeping highways, including sidewalks, at all times safe and convenient for travel. This liability is a special and peculiar one. It is not based on the rule of reasonable care. It is not sufficient to exempt the town that it has exercised reasonable care or even the utmost vigilance to make its ways safe, if in fact they are not so. If the defect exists, and the injury is caused by the defect, the town is liable. But in determining the question whether the way is defective in the particular alleged, the jury are to bear in mind that the statute does not require towns to keep their roads absolutely safe or to preclude the possibility of accident, as this would be impracticable."

Upon the question of due care, the judge instructed the jury " that Lucy A. George was bound to use such care as ordinarily prudent people would be called upon to use under like circumstances; and that her statement as to her knowledge of the condition of the walk, and the fact that she had been over the walk before, was not conclusive evidence of a want of due care, but proper matter for the jury to consider, in connection with the circumstances under which she fell, as bearing on the question whether she did, or did not, exercise proper care."

The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*D. Saunders & C. G. Saunders*, for the defendants.

*W. C. Endicott*, (*C. J. Noyes* with him,) for the plaintiffs, was called upon only on the question of the exclusion of the evidence as to the measurements of the plank.

COLT, J. 1. The liability of cities and towns for defects in highways is a statute liability. The requirement is that highways should be kept safe and convenient for travellers at all times. If the way, by this standard, is defective, and the defect had existed for the space of twenty-four hours, or there was reasonable notice of it, and injury is thereby caused without the fault of the traveller, the liability of the town is fixed. It is the duty of the town to repair the defect within the time named, or seasonably to warn the traveller so that he may avoid the danger. The question what is safe and convenient within the meaning of the statute, is a question which in most cases it is the appropriate province of the

jury to settle, and considerations relating to the nature and amount of travel, and what it is reasonably practicable to do in constructing and maintaining the way in question, will always have weight with them. Absolute safety beyond the possibility of accident will never be required, for that would be impracticable. But if the jury find that the defect exists within the reasonable application of the rule given, it is enough. The town must respond, whether the defect arose from negligence or from causes which no care on its part could prevent or control. All the instructions asked which were based on the proposition that towns and cities are bound to exercise only ordinary care in the performance of this duty were therefore properly refused, and the instructions given were sufficient and appropriate. *Billings* v. *Worcester*, 102 Mass. 329, 333.

The defendants insist that the measure of liability as claimed by them in the instructions asked are in accordance with the law as stated in *Raymond* v. *Lowell*, 6 Cush. 524. The defect relied on in that case was the slight elevation of a movable grating, located between the sidewalk and the carriageway, upon which the plaintiff tripped and fell. It was held to be no defect; but in the course of the opinion it is said " that towns and cities must exercise ordinary care and diligence to make their highways and streets safe and convenient for travellers. This is the duty imposed upon them by law. For want of this they are liable, and this is the extent of their liability." This statement is made in support of the proposition that the way as it existed was, as matter of law, reasonably safe and convenient. It was not necessary to the point decided, and as an accurate construction of the statute it cannot be maintained in the light of more recent decisions. In *Horton* v. *Ipswich*, 12 Cush. 488, it was expressly held to be no defence to an action of this description that the town used ordinary care and diligence in repairing the road, if by such care it was not made safe and convenient but remained defective.*

---

* The same point was decided at this term in the case of

STEPHEN B. BODWELL *vs.* INHABITANTS OF NORTH ANDOVER.

TORT to recover for personal injuries occasioned by a defect in a highway on which the plaintiff was travelling, and which the defendants were bound to keep in repair.

2. Evidence of the mode in which sidewalks were constructed in other cities was not admissible upon the question whether the

At the trial in the Superior Court, before *Brigham*, C. J., it appeared that the accident was caused by the sleigh in which the plaintiff was driving on February 6, 1867, striking against a stick of wood frozen into the snow with which the highway was covered.

The plaintiff asked the judge to instruct the jury, "that if they found that by reason of this stick of wood, the highway was not reasonably safe and convenient, and that such defective and unsafe condition had existed for more than twenty-four hours, then the defendants were liable, if the plaintiff proved that he was using due care ; that the obligation on the part of the defendants to keep their ways reasonably safe and convenient was an absolute obligation, and involved no consideration of negligence or diligence; and that if the highway was unsafe and defective, having regard to the nature and extent of the travel over it, and had been so for twenty-four hours, it was no defence that the defect was latent, and that the defendants, having used due and reasonable diligence, had failed to discover and remove it.

But the judge declined so to instruct the jury, and instructed them as follows : " What was such a defect in the highway as to render the defendants liable for an injury occasioned by it, is a practical question to be determined by the jury, in view of the circumstances of each particular case. Municipal corporations, obliged to maintain roads, are bound to incur all reasonable expense, and to take all reasonable care to make and keep their roads safe and convenient ; but they are not required to do any more ; and in determining whether this duty has been performed, the location of the road, the difficulty of keeping it in a better condition without unreasonable expense, the season of the year, and the kind and amount of travel having occasion to pass over the road are all to be considered in determining whether, in a given case, a town, in the discovery of the cause and repair of defects in a highway, which have existed for more than twenty-four hours, has used all reasonable diligence and care, and incurred all reasonable expense to make it safe and convenient."

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*S. B. Ives, Jr.*, for the plaintiff.

*D. Saunders & E. J. Sherman*, for the defendants.

COLT, J. In actions for injuries from defects in highways the question for the jury is whether the way was safe and convenient. The statute fixes this standard and no other test is given. It is to be applied with reference to the locality through which the road passes, the inevitable effects of climate, the season of the year, the nature and amount of travel to be accommodated, the expense and difficulty of constructing and maintaining the road, and such other considerations as may bear on the question what in that place constitutes a safe and convenient way. Perfect safety cannot be secured ; but if the jury find

condition of this sidewalk was a defect. The fact that similar defects existed in other places would afford the defendants no excuse for their neglect of duty. It was not admissible to show due care on the part of the defendants, because, as we have seen, that is not the test of liability. The admission of it as confined to its bearing upon the question of due care on the part of the female plaintiff, was sufficiently favorable to the defendants.

3. Evidence that witnesses had seen depressions and elevations in sidewalks of the size of the one in question, was too indefinite and remote, as affecting the due care of the female plaintiff, and was properly excluded. *Packard* v. *New Bedford*, 9 Allen, 200. *Raymond* v. *Lowell*, 6 Cush. 524. *Bliss* v. *Wilbraham*, 8 Allen, 564.

4. The fact that the female plaintiff had previous knowledge of the alleged defect, had previously passed over it and knew of its location is not, under the circumstances disclosed, as matter of law, conclusive evidence of her want of due care. The defect here complained of was not such that the public travel was turned aside, and the plaintiff's attempt to pass over it did not in itself conclusively show want of care ; nor is the fact conclusive that at this particular time she was not thinking of the defect. The accident happened in the evening ; the obstruction was not of a character to attract immediate attention, and its location was obscured for the time by the shadow of trees in the vicinity. It is all to be considered by the jury, but it is not required, as mat-

---

that a defect exists by the rule given, the liability is fixed, and cannot be avoided by proof that the town used ordinary care and diligence in repairing the road. The precise point here made was decided at this term in *George* v. *Haverhill, supra.* In addition to the cases there cited, the case of *Fitz* v. *Boston,* 4 Cush. 365, now cited by the defendants, will be found to support the law as above stated, instead of conflicting with it. The instructions of the judge there given, which are relied on by the defendants, were given to aid the jury in determining whether the way in question was reasonably safe and convenient, and do not imply that the exercise of reasonable care would excuse the town, if the defect in fact existed.

The instructions given, which were founded on the proposition that towns are required to exercise only ordinary care in constructing and maintaining their highways, were erroneous. — *Exceptions sustained.*

ter of law, that the thoughts of the traveller shall be at all times fixed upon those defects in the road he travels, of which he may have knowledge. *Thomas* v. *Western Union Telegraph Co.* 100 Mass. 156. *Mahoney* v. *Metropolitan Railway Co.* 104 Mass. 73.

5. It was proper, for the purpose of showing the extent of the injury to the female plaintiff, to prove the amount of work she was able to perform before the accident, as indicated by the number of boarders she kept. *Ballou* v. *Farnum*, 11 Allen, 73.

6. The question at the trial was whether this sidewalk at the time of the accident was safe and convenient. Its condition at any other time could only be material as having a tendency to show what it then was. The plaintiffs' evidence was confined to a description of the alleged obstruction at or about that time. The defendants offered evidence of its condition at a time ten months after, and after, as it was admitted, a material change had been made in its position. This evidence was excluded. If the condition of the sidewalk had been permanent in its character, not exposed to change of surface from the wear of public travel and the effects of climate, if there had been no interference with it during the time, evidence of what it was even at a time so long subsequent, might perhaps have been admitted. But that is not the case. A collateral question as to the extent of the admitted change is here raised, and upon the facts stated we are not satisfied that there was any error in the ruling of the court upon this point. *Exceptions overruled.*