### WILLIAM ROONEY *vs.* INHABITANTS OF RANDOLPH.

Norfolk. Jan. 29. — June 30, 1880. MORTON & SOULE, JJ., absent.

In an action against a town for injuries caused to the plaintiff's carriage by being overturned by a snow-drift in a highway, since the St. of 1877, *c.* 234, the surveyor of highways testified that, after the storm which caused the drift, he broke out the street where the accident happened in the usual manner; and that, finding drifts badly driven across it, he cleared a track ten feet wide so as to be safe for travel, but, so far as possible, avoiding the drifts. The defendant then offered to show the actual cost of clearing the roads in that town after the storm, with the estimated cost of clearing them if a way for travel had been opened along the middle of the roadway regardless of drifts, together with the town valuation and the amount expended each year for the repair of roads. *Held*, that this evidence was admissible.

TORT for injuries to the plaintiff's carriage, alleged to have been caused, on February 17, 1878, by a defect in a highway in

the defendant town. At the trial in the Superior Court, before *Bacon*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*B. Adams*, for the defendant.

*J. L. Eldridge*, for the plaintiff.

COLT, J. Before the St. of 1877, *c.* 234, was passed, it was enough for the plaintiff, in actions to recover for injuries caused by defects in the highway, to prove that the injury complained of was caused by a defect which had existed for the requisite time, without reference to the question whether its existence or continuance could have been reasonably prevented. The statutes did not attempt to define what constituted a defect. The requirement was that all highways should be made safe and convenient for travellers at all times; and the question submitted to the jury was whether the defect in question made the way unsafe and inconvenient, with reference to the situation of the road and the nature and amount of travel to be accommodated by it. If it was a defect, and had existed for the required time, the town was held liable even if the defect was produced or continued by causes against which no human foresight could guard. The existence of the defect was sufficient, whether it arose from a want of reasonable care and diligence on the part of the town or not. Gen. Sts. *c.* 44, §§ 1, 22. In *Horton* v. *Ipswich,* 12 Cush. 488, it was decided to be no defence that the town used ordinary care and prudence in repairing the road, if by such care it was not made safe and convenient. See also *George* v. *Haverhill,* 110 Mass. 506; *Bodwell* v. *North Andover,* 110 Mass. 511, note.

It is now provided by the St. of 1877, *c.* 234, which repeals the provisions of the General Statutes, that towns shall be liable for personal injury or damage to property caused by defects in a highway "which might have been remedied, or which damage or injury might have been prevented by reasonable care and diligence on the part of the county, town, place or persons obliged by law to repair the same." § 2. This is a limitation on the former liability of towns, and it is now necessary, not only that a defect should have existed which was the sole cause of the plaintiff's injury, but that such defect be one which might have been remedied by reasonable care and diligence on the part of the town.

In the case at bar, it appeared that, after a storm of unusual violence, the cross roads in the town of Randolph were much obstructed by snow-drifts, in passing one of which the plaintiff's carriage was overturned. The surveyer of highways testified that after the storm he broke out Cottage Street, where the accident happened, in the usual manner, and, finding drifts badly driven across it by the north wind, he cleared a track ten feet wide so as to be safe for travel, but so far as possible avoiding the drifts. In order to show that this manner of clearing the road was reasonable, and that permitting a partial obstruction of the roadway by snow-drifts did not, under the circumstances, create a defect, which the town could have remedied by reasonable care and diligence, the defendant offered to show the actual cost of clearing the roads in that town after the storm, with the estimated cost of clearing them if a way for travel had been opened along the middle of the roadway regardless of drifts, together with the town valuation, and the amount expended each year for the repair of roads. This evidence was improperly excluded.

It is the intention of the statute to protect towns from liability where there has been no lack of proper diligence on their part, and in determining that, it is important to know the cost of what was done, as well as the cost of what it is contended should have been done to keep the way in a suitable state of repair. Upon the question of what it is reasonably practicable to do, with reference to existing conditions and existing demands of travel, the element of expense is important. Towns are not required to incur disproportionate and unreasonable expense in the discharge of this public duty. The whole matter of alleged negligence on the part of the town is for the jury, and must necessarily be affected by the expense which has been incurred, or which would be required by the method proposed, with reference to the resources of the town to meet such expense by taxation.

*Exceptions sustained.*