*C. Cowley, pro se.*

*G. Stevens & S. Hoar,* for the defendant.

---

ANNA HAYES *vs.* CITY OF CAMBRIDGE.

Middlesex.   Nov. 19, 1883. — Jan. 5, 1884.   C. ALLEN & HOLMES, JJ., absent.

At the trial of an action against a city for personal injuries occasioned by an accumulation of snow and ice upon a street crossing, the defendant offered to prove that it made every possible effort to clear the streets of the snow upon the ground; that such was the depth of the snow that it was not practically possible for several days after a certain storm to put all the streets in proper condition for public travel; and that the city was proceeding at the time of the accident, with all possible speed, to put the streets in the condition required by law; and to prove that, at the time of the accident, it was, and ever since the said storm had been, engaged with all reasonable care and diligence in clearing its streets from the defects caused by snow and ice; and that it had done all that it was practically possible to do. The evidence offered was excluded. *Held,* that the defendant had good ground of exception.

COLBURN, J.   The plaintiff claimed to have received personal injuries in consequence of a defective street crossing in the defendant city, the defective condition of the crossing having been caused by an accumulation of snow and ice thereon, and by the form the snow and ice had taken as the result of the travel over it.

Before the passage of the St. of 1877, *c.* 234, § 2, (Pub. Sts. *c.* 52, § 18,) it would have been sufficient to fix the liability of

the city to prove the existence of the defect, and that it had continued for a certain time, though it was out of the power of the city to remedy it. *George* v. *Haverhill*, 110 Mass. 506. *Bodwell* v. *North Andover*, 110 Mass. 511, n. But, since the passage of that statute, the defendant is only liable for an injury or damage through a defect " which might have been remedied, or which damage or injury might have been prevented by reasonable care and diligence " on its part. What is reasonable care and diligence in any given case must depend upon a variety of circumstances. In *Rooney* v. *Randolph*, 128 Mass. 580, it was held that the expense of making the streets safe and convenient after a snow-storm, compared with the resources of the town to meet the cost by taxation, was a proper matter for consideration in 'determining what was reasonable.

In cases of defects from snow and ice, what is reasonable must depend upon the kind and severity of storms, their duration, the extent to which all the ways in a town are rendered unsafe for travel, the labor required to render them safe, the number of men available for the work, the number employed, and the diligence with which the work is prosecuted. There is no reason why one defect should be remedied rather than others of equal importance. If all the ways in a town are defective, some must be rendered safe before others; and, if the town does all that it can, with all the men and means it can procure, to render the ways safe, exercising reasonable discretion as to the order in which the work is done in reference to the importance of the ways, it would seem to be doing all that reasonable care and diligence require, though some defects are allowed to continue while others are being remedied.

The defendant " offered to prove that it made every possible effort to clear the streets of the snow upon the ground; that such was the depth of snow that it was not practically possible for several days after the storm of Sunday, February 5, 1882, to put all the streets in proper condition for public travel; and that the city was proceeding, at the time of the accident, with all possible speed, to put the streets in the condition required by law." And " further offered to prove that, at the time of the accident, it was, and ever since the said storm had been, engaged, with all reasonable care and diligence, in clearing its

streets from the defects caused by snow and ice ; and that it had done all that it was practically possible to do." We understand that the offer was to establish these propositions by competent evidence. "The court excluded the testimony offered as above, but permitted the defendant to show all or anything done by it at the place of the accident to remedy the defect complained of."

The question presented is whether this evidence was properly excluded. It was of no avail to the defendant' to be allowed to show what it had done at the place of the accident to remedy the defect, as it did not pretend to have done anything there, but was seeking to satisfy the jury that there was a good and sufficient reason why it had not. If, for example, the defendant had evidence to show that, in consequence of the great demand for labor caused by the storm, not only in the defendant city, but in the adjacent cities and large towns, and by the horse-railroad companies, or for any other cause, it was impossible . for it to procure more laborers than it did procure, that the labor it could procure was not sufficient to put more of the ways in a safe condition than it did put in that condition, and that it exercised reasonable care and judgment as to the order in which ways were rendered safe, we are of opinion that such evidence would have been competent, and would have tended to establish what the defendant offered to prove.

What the defendant offered to prove was not rendered immaterial or irrelevant, as contended by the plaintiff at the argument, by the evidence offered by the plaintiff tending to show that, from the time of the first snow-fall until the accident, a certain district, including the place of the accident, had been assigned to two men, whose special duty it was to remove the ice and snow from the gutters, cesspools, and sidewalk crossings in that district, and that they were the only men employed by the city during that time to do that work, unless she went further and showed that these men might not only have remedied the defect in question, but all other defects of equal importance in the district, or that there was some special reason why this defect should be remedied rather than others. Introducing evidence tending to show certain facts, does not necessarily prove them. It would have been of no avail for the

defendant to show (if it admitted that these two men had been assigned to this district) that these men could not do all the work required of them, unless it could also show that it had no more men it could assign to this district, without neglecting other equally important districts. And this was in effect included in the offers of proof.

· The instructions to the jury were entirely correct as far as they went, but it was important that the jury should consider, in addition to what they were instructed they might consider, whether it was practically possible for the defendant to have expended more time and labor in putting the ways in proper condition than it did; and the evidence offered on this subject had been excluded.

We are of opinion that the defendant should have been allowed to put in what evidence it had tending to establish what it offered to prove; and that this evidence should have been considered by the jury, with the other evidence in the case.

*· Exceptions sustained.*

*J. W. Hammond*, for the defendant.

*C. T. Russell & W. E. Russell*, for the plaintiff.