ANNA HAYES *vs.* CITY OF CAMBRIDGE.

Middlesex. Nov. 17, 1884. — Jan. 13, 1885. FIELD & COLBURN, JJ., absent.

In an action against a city for personal injuries occasioned by stepping into a hole in a street crossing, caused by an accumulation of snow and ice, the defendant introduced evidence tending to show that, on certain days previously to the accident, there had been two very heavy snow-storms; and also introduced evidence· tending to show the length of the streets it had to clear, and their condition after the storms, the amount of labor it had to do on its streets, the amount it did, and the expenses incurred, and the time and labor involved. The plaintiff then offered in evidence an ordinance of the city, providing that the tenant, occupant, or abutting owner of land should, within twenty-four hours after a fall of snow, clear the sidewalks in front of his premises, under a certain penalty. This evidence was excluded. *Held,* that the plaintiff had no ground of exception.

MORTON, C. J. The plaintiff was injured, on February 7, 1882, by stepping into a hole in a street-crossing, caused by an accumulation of snow and ice. At the second trial, after the decision reported in 136 Mass. 402, the defendant introduced evidence tending to show that on January 31, and on February 4 and 5, there had been two very heavy snow-storms; and also evidence tending to show the length of the streets it had to clear, and their condition after the storms, the amount of labor it had to do on its streets, the amount it did, and the expenses incurred and the time and labor involved, with a view of showing that the defect which caused the injury could not have been remedied by reasonable care and diligence on its part. Pub. Sts. c. 52, § 18. *Rooney* v. *Randolph,* 128 Mass. 580. *Hayes* v. *Cambridge,* 136 Mass. 402.

The plaintiff offered in evidence an ordinance of the city, which provides that the tenant, occupant, or abutting owner of land shall, within twenty-four hours after a fall of snow, clear the sidewalks in front of his premises, under a penalty of not less than two nor more than twenty dollars. The court excluded the evidence; and the plaintiff excepted.

The duty of clearing the streets and making them safe and convenient for travellers is primarily upon the city. The ordinance, if valid, does not excuse it from this duty, nor exempt it from liability for defects. If abutters, or others, after the snow-storm of February 5, did in fact remove the snow from

the sidewalks, and thus relieve the city of a part of the work which it was its duty to perform, this would be competent evidence. But the plaintiff did not offer to prove this. Mere proof of the existence of the ordinance would not aid the jury, but would tend to mislead them to decide the case upon speculation and conjecture rather than upon facts proved.

Proof of the ordinance is not proof that work was done by the abutters under it; and, as the offer of the ordinance was not accompanied by any offer to prove that any sidewalks were in fact cleared under it, we think the Superior Court rightly rejected it.                              *Exceptions overruled.*

*W. E. Russell*, for the plaintiff.

*J. W. Hammond*, for the defendant.