Bradbury, J.
It appears from the bill of exceptions taken in the court of common pleas,’that Mrs.°Clagett, accompanied by another lady, was passing along the sidewalk in question, when her companion stepped on a loose board which tipped *551 up, tripped and threw Mrs. Clagett. The walk was made by placing four 3x4 oak stringers on the ground, lengthways with the walk, and nailing narrow boards across them. The two center stringers had settled more than the two outside ones, causing the walk to become slightly dished, and at each of two places a board had been nailed over the walk to cover holes that had formed in it. The walk had been examined by the street commissioner a short time before the accident, and a report made by him to the council that it needed repairs, and the council had notified the adjacent owner to repair it by June 6, eleven days before the accident occurred, the notice stating that if the owner did not repair by that day the village would make the repairs at its expense, but neither the report of the street commissioner to the council, nor the notice given by it to repair, state the kind of repairs needed, and none were made up to the time of the accident.
The plaintiff below strenuously contended that the sidewalk was in bad condition generally, and needed general repairs, and gave evidence tending to support that view; on the other hand, the defendant below insisted that the walk was in good condition generally; that its street commissioner had shortly before the accident examined it, and discovered no loose boards or other defect that tended to make it unsafe, and that there was nothing in the appearance of the walk up to the time oi the accident to indicate that any of the boards had become loose, or that the walk was at all dangerous, and that the only defects in the walk were that it had become slightly dished, owing to the settling of the two middle stringers, and that at two places a board had been nailed over holes; and evidence was introduced tending to support this contention.
The plaintiff in error insists that the great weight of the testimony supports its views of the condition of the sidewalk, and asked this court to review the case on the facts. This has been done by the circuit court, and we discover nothing in the case requiring us to depart from the rule that exempts this court from passing upon the weight of the evidence.
Defendant below excepted to certain rulings of the court of common pleas, at the trial, in admitting and rejecting evidence.
*552 The evidence admitted over the objection of the defendant below, related either to the condition of Mrs. Clagett’s health, or to the pain she suffered; and, as far as we deem necessary to examine it, was given by non-professional witnesses, and partakes of the nature of opinion more than of fact. For instance, Mrs. Webber testified that “she (Mrs. Clagett) was in a very helpless condition, never leaving her bed, except to have her bed made each day, so far as I know;” and again, “her suffering was very intense, and often seemed more than she could bear.” These statements, except that portion of the first one respecting her “ never leaving her bed, etc.,” are, in a strict sense, opinions, or inferences drawn from what the witness had observed while in attendance about the person of Mrs. Clagett. Now, the witness could portray to the jury only in a faint and imperfect way the scene in the sick chamber as it presented itself to her, and upon which she based her statements that Mrs. Clagett “was very helpless * * ” and “suffered intensely * * .” The tones of voice, the expressions of the face, and the movements of the limbs, which are the natui’al language of pain, so readily and clearly understood by those about the sufferer, cannot be reproduced so as to impress the jury as they did the witness; neither can those appearances that accompany and establish the fact of weakness and helplessness. Therefore, to say that those abouEa sick or injured person shall not be permitted to give in evidence their opinion, based on observation, of the condition or suffering of the patient, is to exclude from the jury the only efficient proof of those facts. The rule admitting such evidence is one of necessity. Where the fact to be established must “ be derived from a series of instances passing under the observation” of witnesses, “which yet they never could detail to the jury,” opinion will be received. McKee v. Nelson, 4 Cowan, 356; see Steamboat v. Logan, 18 Ohio, 396, where this rule in 4 Cowan is quoted with approval; see also Stewart v. State, 19 Ohio, 302; Yahn v. Ottumwa, 22 Am. Law Reg. 644 and note on page 653; 7 Am. & Eng. Encyclopedia of Law, 492; Parker v. Steamboat Co., 109 Mass. 449. And when it is remembered that the intelligence, fairness, opportunities to observe, and other cir *553 cumstances affecting the credibility of the witness, can be called out by a cross-examination, there remains but little solid objection to the reception of this class of testimony.
Counsel for the village offered in evidence the ordinance fixing the rate of taxation for the village, for the year 18.82, for the purpose of showing, in connection with evidence of the value of the taxable property within its limits, the amount of revenue collected for street purposes, and that all of it had been expended in other necessary repairs. This evidence was rejected by the common pleas court, and exceptions taken. Counsel contend this was error, because the evidence tended to rebut the charge of negligence in omitting to repair the defect complained of, and cite in support of his contention the cases of Rooney v. Inhabitants of Randolph, 128 Mass. 580; Monk v. New Utrecht, 104 N. Y. 552.
These cases arose under statutes of their respective states, and in each case the work was to be done at the public cost, and if it be conceded that in this state, when repairs aré to be made at the expense of a municipal corporation, a want of funds would be a defense against a liability for damages for an injury caused by a neglect to repair, yet the principal could not be applied to the present case, for the village could have discharged its duty in this respect by requiring the owner of the adjacent property to make the necessary repairs, or upon his default caused them to be made, and charge the cost upon that property; and'the united credit of the village and the adjacent property would, no doubt, be sufficient for that purpose, though the village treasury was, at the time, empty. The evidence was therefore immaterial, and for that reason properly rejected.
During the cross-examination of the plaintiff, she was asked by counsel for the village if she had not been delivered of a bastard child. Her counsel objected to the question, and it was ruled out, to which ruling the village objected. The question was immaterial to the issue being tried, and it is the settled rule in this state that the extent to which, upon cross-examination, immaterial questions may be put to a witness, rests in the sound discretion of the trial court. Wroe v. The *554 State, 20 Ohio St. 460; Bank v. Slemmons, 34 Ohio St. 142 ; Hanoff v. The State, 37 Ohio St. 178.
In the case here, the cross-examination was long and exhaustive, and the action of the court did not trench upon the rights of the village in this respect.
The court of common pleas refused to give to the jury certain special charges requested to be given by the village, some of which contained important legal propositions, which, if sound, were applicable to the facts of the case. There was a series of seven propositions; all were refused, and the exception was general. Some of these propositions, at least, were unsound. Whether the exception in this case can be distinguished from those in other cases, where they have been held by this court to be insufficient to point out the error complained of, we do not determine. This labor is unnecessary, lor the majority of the court hold that the judgment should be reversed for errors in the charge of the court as given, which were specifically excepted to at the time.
The first proposition of the charge as given, to which the village excepted, was the following: “ If the corporation had notice that the sidewalk was generally defective, it is not material whether the precise defect which, may have caused the injury was known or not.”
That the sidewalk had become dished and generally defective in that particular was not disputed, and in view of that fact the majority of the court are of opinion the charge was misleading. The jury might well have understood that the village was charged, as matter of law, with notice of the defect that caused the injury, if it knew the sidewalk had become dished. In order to charge, as matter of law, a corporation with notice of a particular defect from its knowledge of the existence of a general one, the first should be of the same character with the latter, or at least so related to it that the particular defect is a usual concomitant of the general one. As, for instance, in the case before us, if the village knew that the boards placed across the sidewalk were generally loose, or, in default of that knowledge, knew the stringers had become rotten, so that the nails would easily draw from them, it might *555 be chargeable with notice of the defect which caused the injury, although, in fact, it did not know that the particular board that tripped the plaintiff below was loose.
If, however, the general defect known to the village was not of a character to make the sidewalk unsafe, or was of a character, totally unlike that which caused the injury, so that the existence of one afforded no presumption of the existence of the other, there is no sound principle which requires notice of one to constitute, as a matter of law, notice of the other. Even if there was such relation between them that one would frequently be found in connection with the other, yet it is not the province of the law to declaré that proof of one is proof of the other. This is only done where the connection is universal, or so close that the law will not permit it to be denied. Again, take the case at ba-r; the village admitted that the walk was defective, in that it had. become dished by the settling of the middle stringers, but it strenuously contended that in other respects its condition was good; that the outside stringers were sound, the boards firmly nailed to them, and that there was nothing in its appearance to indicate that it was dangerous to pass over it. Evidence was given, which, if believed by the jury, would establish that contention. Now it can not be said that in the nature of things there is such close relation between a wooden sidewalk that has become dished by the settlingofthe middle stringers, and the defect which caused the injury to Mrs. Clagett, as that from the first, the other is necessarily, as matter of law, to be presumed.
~We are cited to Shearman and Redfield on Negligence, vol. 2, page 368, in support of the proposition given to the jury; but those authors, evidently, had in view defects of the same general character; for the cases of Weisenberg v. Appleton, 26 Wis. 56, and Aurora v. Hillman, 90 Ill. 61, which they cite in support of the proposition, were both cases in which the defect that caused the injury was of the same character, and fairly and naturally inferable from the general defect of which the corporation was shown to have had notice.
Counsel for the village also excepted to the following proposition, which was given in charge to the jury : “ An order *556 given by the corporation to an adjacent land proprietor to repair the sidewalk ‘would be an admission of notice of defectiveness.” It is, no doubt, true that a notice given by the coi’poration to repair is an admission of the existence of the defect ordered to be repaired, but is it, as matter of law, an admission of the existence of another defect, different in character, or of one having no necessary connection with it ? In the case before us, the corporation admitted having knowledge that the sidewalk in question was dished and generally defective in that respect; that at each of two places a board had been nailed over a hole, and contended that it was these delects it had ordered to be repaired, and no others. It contended, not only that it had no notice of any other defect, but that in fact no other general defect existed, and this was the real contention between the parties respecting this part of the case. The plaintiff below introduced evidence to establish its contention that the sidewalk was old, the stringers decayed so' that they would not hold nails, and the boards generally loose ; while the village gave evidence tending to show that the outside stringers were sound, the boards firmly nailed to them, and the walk generally in good condition.
Under that state of the evidence it was misleading to instruct the jury that notice to repair was an admission of defectiveness. The only notice in dispute was whether the village knew of the defect that plaintiff below claimed caused her injury, and the jury must have understood the charge as referring to that defect. It was equivalent to saying that the notice to repair, which the village admitted it gave, was an admission of notice of the defect in dispute. It left nothing on this point for the jury to find. It ignored the fact that the village might have had knowledge of the dished condition of the sidewalk, or that boards had been nailed over small holes in it, and have required it to be repaired in these respects, while it had no notice of the defect that caused the injury, or even if there had been no such defect in fact. As has already been shown, the sidewalk may have been dished and yet remain sound and secure in respect of the defect complained of. *557 If this could be so, then notice of one cannot, as matter of law, be notice of the.other.
We think the question, whether or not the village had no- ' tice of the defect in dispute, should have been submitted to the jury upon all the evidence in the case.

Judgment reversed.