BOSWELL HEBERT *vs.* CITY OF NORTHAMPTON.

Hampshire.    September 17, 1890. — October 23, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Personal Injuries — Defective Highway — Evidence — Exceptions.*

In an action against a city for injuries caused by a collision between a vehicle and an alleged defect within the limits of a sidewalk in a highway, evidence that the space occupied by the sidewalk originally formed a portion of the carriageway is incompetent.

At the trial of an action for injuries to the person and to property, caused by an alleged defect in a highway, the presiding judge ruled that, under a notice given to the city by the plaintiff, referring only to "damage and injury sustained by me," he could recover only for personal injuries, and instructed the jury that, as it was not denied that the plaintiff had suffered some injury, he could recover therefor if he was in the exercise of due care and the way was defective, directing them, if their verdict was for the plaintiff, to assess any damages to the property separately. The verdict was for the defendant. *Held,* that the plaintiff was not injured by the instruction respecting the notice, and had no ground of exception.

TORT for injuries to the plaintiff's person and to his horse, wagon, and harness, caused by an alleged defect, consisting of a post standing within the limits of a sidewalk in River Street, in Northampton. At the trial in the Superior Court, before *Aldrich,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*C. G. Delano,* for the plaintiff.

*A. T. Crossley,* for the defendant.

DEVENS, J.    The injury to the plaintiff was alleged to have occurred on September 29, 1887, by a collision with one of several posts set upon the border of the sidewalk, but within its limits. It was admitted that in 1881, some seven years before, the sidewalk had been laid out by the proper authorities of the city, and that the posts had been then set upon its border. The plaintiff offered to show that the place where the

sidewalk was situate had been originally a part of the way as travelled by vehicles. The evidence was excluded, and the plaintiff excepted. This evidence was properly rejected. The question for the jury was as to the condition of the way at the time of the injury, whether it was then safe and convenient, or whether it was improperly obstructed. Evidence of its condition at any other time could only be important as tending to show its then condition. Testimony as to what its condition was previous to the important changes which had been made, could have no bearing upon this. *George* v. *Haverhill*, 110 Mass. 506.

The plaintiff notified the defendant in writing, within thirty days after the alleged injury, that he claimed damages " by reason of damage and injury sustained by me on the highway " in question. The presiding judge was of opinion, that under this notice the plaintiff, if entitled to recover, could recover only for his personal injuries, and not for damage to his horse, wagon, and harness, which was also claimed, and he so ruled. He directed the jury, if they found for the plaintiff, to assess in a separate sum the damage to his horse, wagon, and harness. To this ruling the plaintiff excepted. There was evidence that the plaintiff sustained severe personal injury, which does not appear to have been controverted, and also that his horse, wagon, and harness were much damaged. The jury, however, found for the defendant. Even if it be assumed that the view taken by the court as to the effect of the notice was erroneous, the plaintiff has sustained no injury thereby. As, if the jury found for the plaintiff, they were directed to assess in a separate sum the damage to his property, for the purpose, it may be presumed, of avoiding a second trial in case it should finally be held that the notice was sufficient to cover the damage thereto, it is clear that the jury must have found for the defendant upon some ground which went to the foundation of the plaintiff's whole action; as that he was not himself in the exercise of due care, or that the way was not defective, especially if the instruction upon which the case was submitted is considered. This instruction was, that, there being no denial of the fact that the plaintiff did sustain personal injuries, more or less severe, by being thrown from his wagon, if he was in the exercise of due care, and the way was defective by reason of the post, he was

entitled to recover therefor. The jury were, in such case, directed to assess the damage to his horse, wagon, and harness in a separate sum, and report the same with their verdict. *Graves* v. *Washington Ins. Co.* 12 Allen, 391. While the plaintiff excepted, as above stated, to the ruling of the court, that he was entitled under his notice to recover only for his personal injury, he did not except to this mode of submitting the case to the jury.                                *Exceptions overruled.*