MARY E. SANDERS *vs.* INHABITANTS OF PALMER.

Hampden.    September 23, 1891. — October 24, 1891.

Present : ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Defect in Highway — Evidence.*

In an action against a town under the Pub. Sts. c. 52, § 18, for personal injuries caused by a defect in a highway, evidence of the amount of money raised by the town for the repair of highways in the year of the accident, and of the amount actually expended, may be considered, in connection with evidence of the population of the town, of the proportion of inhabitants that would naturally use the highway claimed to be defective, and of the number of miles of highway which the town was bound to keep in repair, upon the question whether the town did what was reasonable in regard to the repair of the highway upon which the plaintiff was injured.

TORT, under the Pub. Sts. c. 52, § 18, for personal injuries caused by an alleged defect in a cross-walk in a highway of the defendant town. At the trial in the Superior Court, before *Bond*, J., the defendant was permitted, without objection, to show the population of the town, the population of the different

villages in the town, and the proportion of the inhabitants in the village where the accident occurred that would naturally use the cross-walk, and it also offered some evidence as to the number of miles of highway which it was bound to keep in repair. The defendant was also permitted, against the plaintiff's objection, to show the amount of money raised for the repair of its highways for the year in which the injuries were received, and the amount of money actually expended for that purpose. There was no evidence as to the valuation of the town, and a question as to the tax rate for the same year was excluded.

The judge instructed the jury that, in determining whether the alleged defect or want of repair might have been remedied, or whether the alleged injury might have been prevented by reasonable care and diligence on the part of the town and its officials, they might take into account the population, the amount of money expended by the town in the repair of its highways, and the situation of the place where the injury happened.

The judge further instructed the jury as follows: " Evidence has been introduced as to the amount of money the town raised this year, 1889, for the repair of its highways, and no evidence has been introduced as to the valuation of the town with a view of determining the burden which the ways, or the repair of the ways, were upon the town that year. They raised that amount of money. Now, in view of the amount that was raised, of the amount which it would have cost to have remedied this defect, if you find that there was one, you will say whether by the exercise of reasonable care and diligence on the part of the town this defect might have been remedied."

The plaintiff excepted to these instructions, and especially to so much thereof as instructed the jury to consider the amount of money the town raised during the year in which the accident occurred, and also to the admission of the evidence as to the money raised and spent by the town for the repair of its highways.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*S. S. Taft*, for the plaintiff.

*J. B. Carroll*, for the defendant.

KNOWLTON, J.   Since the passage of the St. of 1877, c. 234, (Pub. Sts. c. 52, § 18,) it is competent, in the trial of a suit to recover damages for an injury received from a defect in a highway, to put in evidence any fact which tends to show what the town could reasonably have been required to do in keeping its ways safe and convenient for travellers.   The length of the roads which it is obliged to maintain, the ease or difficulty of maintaining them, the amount of travel over them, and the amount of assessable property in the town, are all elements to be considered in determining how high a degree of excellence can reasonably be required of a town in the construction and repair of any particular piece of road.   *Rooney* v. *Randolph,* 128 Mass. 580.   *Hayes* v. *Cambridge,* 136 Mass. 402.

In many cases details of this kind will add little, if anything, to the general knowledge of what is reasonable that a jury is supposed to have, and much must be left to the discretion of the judge at the trial, when it is a question how far the parties shall be permitted to proceed in a controversy upon collateral issues.

In the case at bar, evidence was introduced, without objection, " to show the population of the town, the population of different villages in the town, and the proportion of the inhabitants in the village where the accident occurred which would naturally use the cross-walk."   There was also evidence as to the number of miles of highway the defendant was bound to keep in repair.   In connection with these facts, the amount of money raised by the town for the repair of highways the year of the accident, and the amount actually expended, were circumstances which might properly be considered upon the question whether the town did what was reasonable in regard to the repair of the walk on which the plaintiff was injured.

The bill of exceptions does not state what the evidence was, or disclose enough facts to enable us to determine whether it was important, or precisely what its bearing was on the other facts of the case.   No question appears to have been made in relation to the propriety and reasonableness of the use which was made of the money expended, and it does not appear whether the whole, and, if not the whole, how great a part, of the money raised was paid out.   But these facts were before the

jury, and it is fairly to be inferred that the evidence was material. Certainly the plaintiff has not shown that it was not.

The instructions of the judge merely permitted the jury to consider these facts in connection with the other circumstances of the case, and were correct.     *Exceptions overruled.*