GEORGE H. WEEKS *vs.* INHABITANTS OF NEEDHAM.

Norfolk.    January 15, 1892. — May 9, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Defect in Highway — Evidence.*

In an action against a town for personal injuries caused by an alleged defect in a public way, evidence of the population of the town, the assessed valuation of the property therein, the rate of taxation, and the amount of the appropriation for highways, all in the year preceding that of the accident, and the number of miles of public ways therein, is competent on the question of reasonable care and diligence on the part of the town in preventing or remedying the alleged defect; its weight is for the jury in connection with all the other circumstances.

In an action against a town for personal injuries caused by an alleged defect in a public way, evidence of admissions of a selectman and surveyor of highways made since the accident, to the effect that he had long known the way at the place in question to be unsafe, and that he had been trying since he had been in office to have the same repaired, is not binding upon or evidence against the town; and, if the witness on cross-examination denies having made such statements, evidence may be introduced tending to prove that he made them, for the single purpose of contradicting him.

TORT, for injuries occasioned to the plaintiff on January 21, 1890, in consequence of alleged defects in a public way in the defendant town. The defects alleged consisted of insufficient width of the way in a causeway leading to a culvert, and the want of sufficient railings, fences, and barriers thereto, the plaintiff contending that in consequence thereof the buggy in which he was riding was thrown from the causeway.

The defendant admitted that the way at the place in question had been in substantially the same condition for several years before as it was at the time of the alleged accident, and that the defendant had notice of such condition.

The defendant offered in evidence the population of the town, the assessed valuation of the property therein, the rate of taxation, and the amount of the appropriation for highways, all for the year 1889, and the number of miles of public ways therein. The evidence was admitted.

The selectmen of the town were surveyors of highways at the time of the alleged accident.

Two of the selectmen who were in office at the time of the alleged accident were called as witnesses by the defendant. The plaintiff offered evidence of statements made, since the accident, by one of them named Whitaker, to the effect that he had long known the way at the place in question to be unsafe, and that he had, since he had been in office, been trying to have the same repaired. The evidence was excluded.

Whitaker when on the stand had, on cross-examination, denied making such statement, whereupon the plaintiff introduced evidence tending to prove that such statements were made by Whitaker, the same being the evidence which had been excluded.

The plaintiff requested the court to instruct the jury that evidence of admissions of one of the selectmen as to the dangerous character of the road is admissible as tending to show that fact.

The court declined so to instruct the jury, and instructed them that the statements, if made by Whitaker, were admissible only to contradict him, and had no other effect as against the defendant.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. R. Smith,* for the plaintiff.

*S. H. Tyng,* for the defendant.

MORTON, J. The evidence admitted as to the population of the defendant town, its valuation, rate of taxation, amount of appropriation for highways, and the number of miles of public ways in it, was all competent on the question of reasonable care and diligence on the part of the town in preventing or remedying the alleged defect. *Rooney* v. *Randolph,* 128 Mass. 580. *Hayes* v. *Cambridge,* 136 Mass. 402, and 138 Mass. 461. *Sanders* v. *Palmer,* 154 Mass. 475. It was for the jury to consider its weight in connection with all the other circumstances; and,

so far as it included elements not heretofore passed upon by this court, it is enough to say that those were of the same general character as the evidence admitted in the cases cited above.

The alleged admissions of Whitaker, even if believed, would not have been binding upon or evidence against the town, either as one of the surveyors of highways or as one of the selectmen; not as one of the surveyors of highways because he was not as such the agent of the town; *Walcott* v. *Swampscott,* 1 Allen, 101; *New Bedford* v. *Taunton,* 9 Allen, 207; not as one of the selectmen, because he had no authority by virtue of his office to bind the town by such an admission or statement. *Haliburton* v. *Frankfort,* 14 Mass. 214. *Goff* v. *Rehoboth,* 12 Met. 26. *Butler* v. *Charlestown,* 7 Gray, 12. *Locke* v. *Lexington,* 122 Mass. 290. The instruction requested was, therefore, rightly refused, and that given was correct. *Gould* v. *Norfolk Lead Co.* 9 Cush. 338. *Day* v. *Stickney,* 14 Allen, 255. *Brigham* v. *Clark,* 100 Mass. 430.                    *Exceptions overruled.*