BRIDGET O'BRIEN *vs*. CITY OF WOBURN.

Middlesex.   November 10, 1903. — January 7, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Way*, Defect in highway.   *Evidence.*

In an action against a city for personal injuries from an alleged defect in a highway consisting of a water shut-off projecting above the travelled part of a sidewalk, the defendant, to show that a failure to remedy the alleged defect was not want of reasonable care, put in evidence, without objection, the number of miles of its streets, the value of its taxable property, the amount of money that could be raised by taxation and the amount appropriated and expended for highways. To meet this the plaintiff, on cross-examination of witnesses called by the defendant, showed that the shut-offs were taken care of by the water department and not by the highway department of the defendant and that the income of the water department exceeded its expenses.  *Held*, that the evidence introduced on both sides was competent.

The court cannot take judicial cognizance of a city ordinance.

By St. 1889, c. 387, § 1, (R. L. c. 175, § 73,) a city ordinance cannot be admitted in evidence unless it is attested by the city clerk.

Where in an action against a city it was competent for the plaintiff to show that the income of the water department of the defendant exceeded the expenses of that department, oral evidence of this fact was introduced. The defendant objected to this evidence on the ground that an ordinance of the defendant required records to be kept by each department of the city, and accounts to be kept of the money expended. The ordinance was not proved, and the court did not consider the question whether, if properly attested and put in evidence, the ordinance would have rendered the oral testimony inadmissible as not the best evidence.

TORT for personal injuries from an alleged defect in a highway of the defendant. Writ dated November 12, 1901.

At the trial in the Superior Court before *Fox,* J., the jury returned a verdict for the plaintiff in the sum of $1,300; and the defendant alleged exceptions.

*F. P. Curran,* for the defendant.

*J. G. Maguire & G. L. Mayberry,* for the plaintiff.

LATHROP, J. The plaintiff stumbled over a water shut-off in the sidewalk of Green Street in the defendant city, fell and sustained personal injuries for which she seeks to recover damages in this action. The shut-off was in the travelled part of the sidewalk, and extended above the surface thereof, according to some of the witnesses from a half inch on one side to an inch and a quarter on the other side, and, according to other witnesses, it so extended an inch and a half on one side and two inches on the other. It is not controverted that it was competent for the jury to find that this was a defect. *Redford* v. *Woburn,* 176 Mass. 520.

To show that, considering the number of miles of street the defendant had to care for, and the amount available for the work, its failure to remedy the defect ought not to be regarded as a want of reasonable care and diligence on the part of the defendant, it put in evidence, without objection, the number of miles of streets in Woburn, the valuation of the taxable property, the amount of money that could be raised by taxation, and the amount appropriated and expended for highways. This evidence was competent. *Rooney* v. *Randolph,* 128 Mass. 580. *Hayes* v. *Cambridge,* 136 Mass. 402, and 138 Mass. 461. *Sanders* v. *Palmer,* 154 Mass. 475. *Weeks* v. *Needham,* 156 Mass. 289.

The only exceptions in the case are to two questions asked of two witnesses for the defendant, by the plaintiff on cross-examination. Spencer, the superintendent of the waterworks of the defendant city, was asked whether the water department or the highway department took care of the shut-off boxes between the water mains and the premises of private takers as to keeping them level with the sidewalk. The witness testified that the shut-offs were taken care of by the water department and not by the highway department. The other question was put to the city treasurer, and was whether or not the water department of the defendant was not supported by water rates charged to water takers and was not self sustaining, and whether the income so received from the water department did not more than pay the expenses of said department. The witness answered in the affirmative.

We see no objection to these questions and answers. They were clearly competent for the purpose of meeting the evidence put in by the defendant, and to show that the city had received from sources other than taxation sums of money which it had applied to remedy defects of the nature of the one in this case. See *Hayes* v. *Cambridge*, 138 Mass. 461.

One objection made to the first question was that the fact inquired of could not be proved by oral evidence. In support of this objection the counsel for the defendant has relied upon an ordinance of the defendant city, which he has set forth in his brief, and which requires records to be kept by each department of the city, and accounts to be kept of the money expended. The short answer to this objection is that it does not appear from the bill of exceptions that the ordinance was put in evidence in the Superior Court, nor were the ordinances handed to this court at the argument before us. The court cannot take judicial cognizance of a city ordinance. To admit an ordinance of a city in evidence it must be attested by the clerk of the city. St. 1889, c. 387, § 1. R. L. c. 175, § 73. Nothing of the kind appears here. It is unnecessary to consider, therefore, whether the ordinance, if properly attested and put in evidence, would have had any application to the question asked.

*Exceptions overruled.*