# JACEY E. LEDBETTER, Respondent, v. CITY OF KIRKSVILLE, Appellant.

### Kansas City Court of Appeals, November 25, 1912.

1. **NEGLIGENCE: Defective Sidewalk: Instructions.** Plaintiff was injured by falling through a defective culvert over a street crossing, on a dark night, there being no street lights. The crossing was constructed of boards and had been out of repair a sufficient length of time to charge the city with notice. *Held,* that there was no evidence that the plaintiff was guilty of any negligence whatever, and it was, therefore, unnecessary to submit to the jury by instruction the question of whether or not plaintiff was in the exercise of ordinary care.

2. ———: **Municipal Corporations: Financial Ability to Meet Obligations.** Evidence concerning the extent of the financial ability of a city to meet all of its duties and obligations as a corporation for the purpose of showing ordinary care, is inadmissible in this State, because it is the absolute duty of municipalities to keep their streets in a reasonably safe condition for travel at all times and under all conditions, except reasonable time to repair or remove obstructions or those caused by the act of God.

Appeal from Adair Circuit Court.—*Hon. Nat M. Shelton*, Judge.

AFFIRMED.

*A. Doneghy* for appellant.

*Campbell & Ellison* and *Chas. E. Murrell* for respondent.

BROADDUS, P. J.—This is an action for damages against the city of Kirksville, a city of the third class, caused by plaintiff falling through a defective culvert over a street crossing, whereby she was severely injured. The culvert was about four feet long and about the same width; and was a part of the crossing and connected the sidewalk on the west side of Sixth street with the brick part of the street crossing at the intersection of Filmore and said Sixth street. Sixth street runs north and south and is crossed by Filmore street, which runs east and west. The evidence showed that the crossing was constructed of boards and had been out of repair a sufficient length of time to charge the city with notice of its condition. The injury occurred on a very dark night, and there were no street lights.

The plaintiff was on her way home from a visit, and when she reached Sixth street she thought she had arrived at Osteopathy avenue, the street upon which she lived and the one she intended to take on

her way home.  She turned south on the west side of Sixth street and had only gone a short distance when she discovered that she was on the wrong street, and instead of retracing her steps and getting on to Osteopathy avenue, she groped her way .along the west side of Sixth street until she came to said crossing, where she was injured.  She was familiar with the east side of Sixth street where the walk was reasonably safe, but it was not shown that she was familiar with the condition of the walk on the west side.  Plaintiff, at the time she was injured, was walking along with her two little girls, one on each side.

For the alleged purpose of showing ordinary care upon the part of defendant, the city offered evidence showing the number of such crossings to be maintained, the number of officers to be paid and the amount of taxation of all kinds which it could levy to meet its duties.  The court refused to admit the proposed evi-dence.

The defendant denied that it was negligent and alleged that plaintiff's injuries were the result of her own negligence.  The plaintiff recovered judgment for the sum of $1500.  The defendant appealed.

It is claimed that the giving of instruction No. 1 on the part of plaintiff was prejudicial error.  It reads as follows:  ''Plaintiff in her petition claims that the sidewalk on the west side of Sixth street, at the the intersection of Filmore street, in the city of Kirksville, was a public sidewalk, and that while she was walking along said sidewalk, at said intersection, on the night of August 8, 1910, she fell on said sidewalk and sustained serious and permanent injuries on account of certain planks in said walk, over a gutter, being negligently allowed to become and remain in a loose and dangerous condition, so as not to be reasonably safe for walking over the same.

''You are instructed that the defendant city has

the entire control of the streets and sidewalks within its corporate limits, and is bound to use ordinary care and diligence to keep and maintain its sidewalks in reasonable good and safe repair so as to render them reasonably safe for all persons passing on or over them by day or night.

"Therefore, if you believe from the evidence that a part of said sidewalk consisted of boards or planks laid lengthwise over a gutter at the intersection of said streets, and that the defendant city negligently permitted said boards or planks to become and remain in a loose, dangerous or unsafe condition for persons traveling over said walk, either by night or day, in that said planks or boards composing a part of said walk over a ditch or gutter had become rotten and decayed; and the nails holding said planks in position had become loosened and removed, so that said planks had become, and were permitted to remain rotten and loosened and insecure, or that some of said planks had been and were pushed out of place, leaving holes in said sidewalk over said gutter and that said planks or such of them as remained in position, were loose or rotten and insecure, so that by reason of such condition of said planks or boards they were liable to turn and give way when stepped on by a person walking along said sidewalk, and that said condition was known to or could have been known by defendant as defined in these instructions, and that by reason of such conditions, if you find from the evidence they existed, said sidewalk, at said place was not reasonably safe, and that said walk at the place was a public sidewalk of said city, and that plaintiff on the night of August 8, 1910, while walking over said sidewalk at said place stepped upon said boards, and by reason of said boards being in such condition, if you find they were, she was caused to fall, and sustained personal injuries thereby, then your verdict should be

for the plaintiff, unless you further find and believe from the evidence that the plaintiff was herself guilty of negligence contributing to her injury.

"The burden of proving such contributory negligence on the part of the plaintiff is on the defendant."

The first paragraph of the instruction is objected to for the reason that it is a comment on what plaintiff claimed in her petition, and that it restricted the issues of the case. We do not think the recitations in said paragraph amount to a comment on the allegations of the petition, but it appears to be a mere statement of what she claims as a basis for recovery. It was necessary for the jury to know authoritatively what the case was about. There could have been no harm, in order to avoid mistake, for the court to tell the jury what they had to try. It is true the paragraph does not cover all the allegations of negligence contained in the petition and put in issue, but it does cover all that is necessary for plaintiff to recover.

The objection to the second paragraph "is that it imposes a greater burden on the city than the law has cast, as it told the jury that it was the duty of the city to use ordinary care to keep its sidewalks reasonably safe for *all* persons passing on or over the sidewalk, whether they were traveling in the ordinary way or not, and whether or not they were in the exercise of ordinary care." As a matter of course, the city should not be held for negligence if the street was reasonably safe for persons passing over it while in the exercise of reasonable care, for the city was not bound to guard against the acts of careless persons who might be on its streets. But the law does not presume that a person passing along a street is careless, but, on the contrary, the presumption is that he will exercise ordinary care to protect himself from injury, and this presumption continues until the contrary is shown.

As we view the testimony, there was no evidence that the plaintiff was guilty of any negligence whatever. It was not, therefore, necessary to submit the question of whether or not plaintiff was in the exercise of ordinary care at the time of her injury. Yet, the instruction did submit to the jury the question whether or not plaintiff was guilty of any negligence that contributed to her injury. Upon the whole, defendant could not have been injured by any defect of the instruction.

The question is raised as to whether it was competent for the city to show the extent of its financial ability to meet all of its duties and obligations as a corporation, and whether the same has anything to do with the decree of care it owed to the public with reference to the condition of its streets. So far as we are informed, the question has not before this instance been before the courts of this State. In the State of Massachusetts the court has passed on the question and holds that: "In an action against a town for personal injuries caused by an alleged defect in a public way, evidence of the population of the town, the assessed valuation of the property therein, the rate of taxation, and the amount of the appropriation for highways, all in the year preceding that of the accident, and the number of miles of public ways therein, is competent on the question of reasonable care and diligence on the part of the town in preventing or remedying the alleged defect; its weight is for the jury in connection with all other circumstances." [Weeks v. Inhabitants of Needham, 156 Mass. 289. See, also, Sanders v. Palmer, 154 Mass. 475; 128 Mass. 580.] The reason given for the ruling is peculiar to that State. A statute provides "that towns shall be liable for personal injury or damage to property caused by defects in a highway 'which might have been remedied, or which damage or injury might have been prevented by reasonable care and diligence on the part

of the county, town, place or persons obliged by law to repair the same.' '' The court holds that the statute, "is a limitation on the former liability of towns, and it is now necessary, not only that the defect should have existed which was the sole cause of plaintiff's injury, but that such defect be one which might have been remedied by reasonable care and diligence on the part of the town." And that: "It is the intention of the statute to protect towns from liability where there has been no lack of proper diligence on their part, and in determining that, it is important to know what was done, as well as the cost of what it is contended should have been done to keep the way in a suitable state of repair." [Rooney v. Randolph, 128 Mass. 580.]

In this State it is the absolute duty of a municipality to keep its streets in a reasonably safe condition for travel at all times and under all conditions, save and except for a reasonable time for repairing defects or for removing necessary temporary obstructions or those caused by the act of God. It would require legislation to put our streets on the same plane as those in the State of Massachusetts. The question would be one of expediency for the Legislature.

Finding no error in the record, the cause is affirmed. All concur.